John Hollenburg v. Augustus Shuffert et al

*Certiorari—Evidence to support judgment—Submission of case to a justice after disagreement by a jury.*

The Supreme Court cannot, on *certiorari* bringing up a judgment reversing that of a justice, consider the objection that the evidence did not warrant the justice's judgment, if there was any proof bearing on the issues.

After a disagreement of the jury in a justice's court the parties submitted the case to the justice himself on the same testimony.   *Held*, that they could not afterwards, on *certiorari*, complain of his previous rulings on the trial before the jury.

Error to Wayne. Submitted October 14. Decided October 19.

TRESPASS. Plaintiff brings error. Reversed.

*Fraser & Gates* for plaintiff in error. A party who consents to a justice's deciding the case cannot afterward claim that by previous ruling he had lost jurisdiction : *Home Ins. Co. v. Curtis* 32 Mich. 402.

*Quincy Matthews* for defendants in error.

CAMPBELL, J. The circuit court for the county of Wayne reversed on *certiorari* the judgment of a justice of the peace in favor of Hollenburg against the defendants. The errors assigned in the affidavit for *certiorari*, so far as they indicate anything which could be reviewed at all, refer to rulings during a jury trial before the justice. The objection that the evidence did not warrant the judgment is not one which we can consider, as there was proof bearing on the issues.

The jury disagreed, and this put an end to that trial. After the disagreement the parties submitted the case for decision by the justice on the testimony put in before the jury, which was chiefly oral.

Having done this they are precluded from complaining of his previous trial rulings. The circuit court should not have reversed it.

The judgment of the circuit court must be reversed and that of the justice affirmed with costs of all the courts.

The other Justices concurred.