RICHARD R. LITTLE v. CARLTON H. MILLS AND JAMES DEWEY.

*Bills and notes—Payment—Good-faith holder—Burden of proof—Notice of protest—Evidence.*

1. An objection that a notice of protest, which was received in evidence without objection, is not under seal, cannot be raised for the first time in the Supreme Court.
2. Where, in a suit by an indorsee upon a promissory note, the plaintiff produces the note with proof of protest, a defense that it was paid while in the hands of a prior indorsee is inadmissible, unless accompanied by evidence that the plaintiff

is not a *bona fide* holder of the paper, and upon this issue the defendant has the burden of proof.

3. The Court distinguish this case from *Paton v. Coit*, 5 Mich. 505; *Carrier v. Cameron*, 31 Id. 373; *Conley v. Winsor*, 41 Id. 256,—where the defendant had shown illegality in the original consideration of the note, or fraud in procuring it from the maker, and it was held, in line with all the authorities, that this shifted the burden of proof upon the plaintiff to show the good faith of his purchase before maturity.[1]

Error to Wayne. (Reilly, J.) Submitted on briefs December 13, 1893. Decided January 9, 1894.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

*Alfred Russell,* for appellants.

*Dwight C. Rexford,* for plaintiff.

MONTGOMERY, J. The plaintiff recovered in an action on a negotiable promissory note made by defendant Dewey, payable to the order of Carlton H. Mills, by Mills indorsed payable to the order of T. M. Billings, and by Billings indorsed to the plaintiff, and also upon a due-bill made by Dewey, and indorsed by the same parties.

On the trial the plaintiff introduced in evidence the note and certificate of protest, and rested. The defendants offered to show that by an arrangement between defendant Dewey and Mr. Billings, while the note was in Billings' hands, an application of the note was made upon an indebtedness owing to Dewey by Billings. The court excluded the testimony, unless it should be shown that the plaintiff was not a *bona fide* holder.

Two questions are presented in this Court:

1. Whether there was sufficient proof of protest to charge the indorser.

[1] For cases bearing upon the same question, see *Bank v. Seymour*, 64 Mich. 59; *Mace v. Kennedy*, 68 Id. 389; *Horrigan v. Wyman*, 90 Id. 121.

2. Whether the burden of proof was upon the plaintiff to show that he was a *bona fide* purchaser under the testimony offered by the defendants, or whether the burden rested with the defendants to negative the good-faith holding.

As to the first question, the evidence offered to show protest was not objected to in the court below, and the objection now offered relates simply to the sufficiency of the notice of protest, it not appearing to be under seal. The objection comes too late, and will not be considered.

As to the second question, the defendants rely upon the cases of *Paton v. Coit*, 5 Mich. 505; *Carrier v. Cameron*, 31 Id. 373; *Conley v. Winsor*, 41 Id. 255. In each of these cases the defendant had shown illegality in the original consideration of the note, or fraud in procuring the note of the maker; and it was held, in line with all the authorities, that this shifted the burden of proof upon the plaintiff to show the good faith of his purchase before maturity. In *Conley v. Winsor*, Mr. Justice COOLEY used the following language:

"The plaintiffs made out a *prima facie* case when the execution of the note, and its indorsement by Campbell, were proved; but the defendant was then at liberty to show that the note, for any reason, was without validity in the hands of the payee, and such showing would have cast upon the plaintiffs the burden of making it appear that the note had passed from Campbell into the hands of some one who received it in good faith for value, and before it fell due."

As applied to the facts of that case, this was undoubtedly a correct statement of the law. It there appeared that the defendant offered to show that the note was given for a seed drill; that the payee made certain representations in respect to the drill, which proved to be false; and that, on discovering their falsity, defendant returned the drill to Campbell, and demanded back his note, which Campbell refused to surrender. This was a proposition to show fraud.

But the rule is that proof simply that the instrument was executed without consideration as between the parties, or that the consideration originally valid has subsequently failed, does not impair the holder's superiority of position, and that he may still rest his case upon the instrument itself, from which it will be presumed that he acquired it in a manner entitling him to stand upon the vantage ground of a *bona fide* holder for value. See Daniel, Neg. Inst. § 814, and cases cited in note; *Chicago & Northeastern Railroad Co. v. Edson*, 41 Mich. 673.

The other questions raised are necessarily controlled by the conclusions stated.

We find no error in the record, and the judgment will be affirmed, with costs.

McGRATH, C. J., LONG and GRANT, JJ., concurred with MONTGOMERY, J. HOOKER, J., concurred in the result.