DROVERS' NATIONAL BANK *v.* BLUE.

110    31
d121    158
110·    31¹
128    576
110    31
s67ᴺᵂ1105
s64ᴬˢᴿ 327
131    ²676
110    31
153 ¹406
j153 ¹414

1. JUSTICES OF THE PEACE—TRIAL—CERTIORARI.

    Where the parties to an action in justice's court, after the disagreement and discharge of the jury, submit the case to the justice upon the proofs taken at the trial, stipulating that all questions raised upon the trial shall be saved to the parties, an objection to the exclusion of testimony is available on *certiorari.*

2. BILLS AND NOTES—BONA FIDE HOLDER—BURDEN OF PROOF.

    Where, in an action upon a promissory note brought by a transferee thereof, there is proof of fraud in the inception of the instrument, the burden of showing a *bona fide* purchase is upon the plaintiff; but if the plaintiff, at the outset, makes a *prima facie* case of *bona fide* holding, it is not error to exclude evidence of such fraud until such *prima facie* case has been attacked by evidence raising a question of fact in relation thereto.

3. SAME—BANKS AND BANKING—NOTICE.

    A bank which discounts a note for a customer, crediting the proceeds thereof to his account, is not a *bona fide* purchaser for value, unless such credit was drawn upon before the maturity of the note, and before notice of facts invalidating it in the hands of the payee.

Error to ·Wexford; Aldrich, J.    Submitted June 10, 1896.    Decided June 30, 1896.

*Assumpsit* by the Drovers' National Bank against George W. Blue on a promissory note.    A justice's judgment was reversed on *certiorari* in the circuit court, and plaintiff brings error.    Affirmed.

*H. M. Dunham*, for appellant.

*Sawyer & Bishop*, for appellee.

HOOKER, J.    The plaintiff commenced this action in justice's court, and obtained judgment, which was reversed

by the circuit court upon *certiorari*. It is here upon writ of error.

The case was first tried by a jury, the result being a disagreement. After the discharge of the jury, the parties stipulated in writing that the case might be decided by the justice upon the proofs taken upon the trial, all questions raised upon such trial to be saved to the respective parties, the same as though the proceedings upon such trial had been repeated before the justice. The stipulation takes the case out from the rule laid down in the case of *Hollenburg* v. *Shuffert*, 47 Mich. 126.

The action was upon a promissory note executed and delivered by the defendant to the Chicago Supply Company, an Illinois corporation. The plaintiff offered in evidence the note (the execution being admitted), and produced testimony to the effect that it purchased the note before maturity from the Chicago Supply Company in good faith, paying $70 therefor, by crediting the same upon the bank book of said company, which did banking with the plaintiff. The defendant thereupon offered to show that the note was procured through the fraud of the Chicago Supply Company, but this proof was excluded, on the ground that it must first be shown that the plaintiff was not a *bona fide* purchaser. Had the plaintiff merely introduced the note, with proof of ownership and amount due, and rested, the testimony offered would have been admissible, under the rule that the burden of showing *bona fides* is upon the plaintiff when there is testimony showing fraud in the inception of the note. *Little* v. *Mills*, 98 Mich. 423; *Rice* v. *Rankans*, 101 Mich. 385. But in this case the plaintiff attempted to show a *bona fide* holding; and it is manifest that, if it made out a *prima facie* case of such holding, no amount of evidence of fraud in the inception of the note would be of any avail, until such *prima facie* case should be attacked by evidence raising a question of fact in relation thereto. And in such case it would be within the discretion of a court to require such evidence before listening to evidence upon

the subject of the inception of the note.   If, however, the plaintiff did not make out a *prima facie* case of such *bona fide* holding, proof of fraud by the payee in procuring the note would have been a complete defense, until the plaintiff should show a *bona fide* purchase.

The testimony shows that no money or valuable thing passed at the time of the purchase.   A mere credit was given by the bank for the note,—a promise to pay, in other words; and there is nothing to show that this credit was ever drawn upon, or that the account of which it became a part was exhausted, before the maturity of the note, or before notice of the fraud.   This did not show the bank to be a purchaser for value, within the rule.   1 Daniel, Neg. Inst. § 779*b*, and cases cited, viz.: *Dresser* v. *Construction Co.*, 93 U. S. 92; *Dougherty* v. *Bank*, 93 Pa. St. 227 (39 Am. Rep. 750); *Lancaster Co. Nat. Bank* v. *Huver*, 114 Pa. St. 216; *Mann* v. *Bank*, 30 Kan. 412; *Fox* v. *Bank*, 30 Kan. 444.   The testimony offered was therefore erroneously excluded, and the circuit court was right in reversing the judgment of the justice.

The judgment is affirmed.

The other Justices concurred.