TEXARKANA NATIONAL BANK *v.* STILLWELL & CO

1. BILLS AND NOTES—ACTION ON ACCEPTANCE—EVIDENCE.

In an action on an acceptance of a time draft, payable to the order of the bank that discounted it, evidence as to what defendant, the drawee, who, after such acceptance, without authority from the payee, paid the amount of the draft to the drawer, was told by the drawer's attorney concerning the ownership of the draft, is incompetent, in the absence of testimony indicating that the attorney was authorized to speak for the plaintiff.

2. SAME—BANKS AND BANKING — DRAFTS — CREDITING DRAWER — BONA FIDE HOLDER.

A bank which, after a draft payable to its order had been ac-

cepted by the drawee, credited the amount to the drawer's account, which fund the drawer exhausted, became a *bona fide* holder for value, entitled to sue thereon after an unauthorized payment to the drawer.

Error to Wayne; Frazer, J.   Submitted June 8, 1899. Decided September 12, 1899.

*Assumpsit* by the Texarkana National Bank against Stillwell & Company, a corporation, upon an accepted time draft.   From a judgment for defendant, plaintiff brings error.   Reversed.

*Griffin, Clark & Russell*, for appellant.

*Trevor & Trevor*, for appellee.

MOORE, J.   This case was commenced in justice's court. It was appealed to the circuit court, and tried by a jury. From a judgment in favor of defendant, the plaintiff has appealed.

One Whittaker, living in Texas, was a lumberman.   He sold and shipped to Stillwell & Co. a quantity of lumber. Some dispute arose about its quality.   Whittaker was notified that Stillwell & Co. held the lumber subject to his order.   Mr. Whittaker inquired for how much he. could draw upon Stillwell & Co.   They replied for $175 in full. He then sent them the following paper:

"TEXARKANA, TEXAS, June 14, 1897.
"Ninety days after date, pay to the order of Texarkana National Bank $175 (one hundred and seventy-five 00-100 dollars), value received, and charge to account of
"WILLIS WHITTAKER.
"To STILLWELL & CO., Detroit, Mich."

Across the face of the draft is written by Stillwell & Co.:

"Accepted June 19.   Payable at First National Bank, Detroit, Mich.
"STILLWELL & CO."

According to the testimony of the cashier of the bank, the bank discounted this acceptance the day it was drawn, and became the owner of it. that day, and has been the owner of it from that time until the taking of his testimony. He also testified that from the time of its acceptance it had never been under the control of Mr. Whittaker, or any person except the plaintiff and its correspondents. He said the payment for the draft was made by crediting Mr. Whittaker, who was then owing the bank, the amount of the proceeds thereof on his account. Some time after this, Mr. Whittaker failed in business, and was owing the bank upwards of $1,900, some of which was secured and some not. The draft was forwarded to the bank in Detroit for collection, who notified Stillwell & Co. they had it, but it was allowed to go to protest, and was returned to Texas. It was again returned to the bank in Detroit, and Stillwell & Co. were again notified they had it for collection. Stillwell & Co. did not pay it, and it was sued.

Upon the trial, over plaintiff's objection, defendant was allowed to present testimony as to what an attorney said to them, who called upon them before the draft was due, saying he represented Whittaker, who claimed there was still a balance due him. There was no testimony indicating that this attorney was authorized to speak for the plaintiff, and it was error to allow proof to be made of what he said.

Defendant was also allowed to offer in evidence the following correspondence:

"TEXARKANA, ARK., Sept. 21, 1897.
"STILLWELL & Co.,
            "Detroit, Mich.
"*Gentlemen:* I had acceptance which you allowed to go to protest returned yesterday, and will be greatly obliged if you will pay it, as I do not want to give you trouble in regard to the matter, but will have to have bank place it in the hands of an attorney if you do not pay it.
                    "Yours truly,
                            "WILLIS WHITTAKER."

"October 2, 1897.
"MR. WILLIS WHITTAKER,
        "Texarkana, Ark.

"*Dear Sir:* Inclosed we hand you check for $176.79 to cover draft made on us for this amount. The same is paid with the understanding, as it was when accepted, that it covers all demands you have against us. We regret that there should be any misunderstanding in regard to this settlement. We certainly endeavored to make it plain when we replied to your message asking us the amount you could draw for.' We are having much trouble to dispose of the stock. You could not sell us more of it at any price.
                "Yours truly,
                        "STILLWELL & CO."

"TEXARKANA, ARK., Oct. 4, 1897.
"STILLWELL & CO.,
        "Detroit, Mich.

"Your letter of the 2d received, with stated inclosure, for which please accept thanks.
                "Yours truly,
                        "WILLIS WHITTAKER."

Defendant was also allowed to offer a copy of an assignment made by Whittaker to Heinsen, trustee, in which the plaintiff was said to be a secured creditor for $2,150. The check sent by Stillwell & Co. was also introduced in evidence, and it showed upon the back of it that it had passed through plaintiff bank. The court was asked to direct a verdict in favor of the plaintiff for the amount of its claim, but declined to do so. The judge submitted the question to the jury as to whether the plaintiff was a *bona fide* holder of the acceptance or not. The jury must have found it was not, or they could not have rendered the verdict they did. It is said by defendant that, where *bona fides* is attempted to be shown, *mala fides* may also be shown; citing *Carrier* v. *Cameron*, 31 Mich. 373 (18 Am. Rep. 192). The rule is as stated, but, where the attempt is made to show *mala fides*, it must be done by competent testimony. The plaintiff was not bound by any act of Mr. Whittaker, or any statement made by him or his attorney, after it became the owner of the draft.

In the absence of any showing that these statements were authorized by plaintiff, all this testimony was incompetent, and should have been excluded.

It is also claimed that plaintiff did not make a *prima facie* case; that giving Mr. Whittaker credit on his account was not sufficient to make the bank a holder for value,— citing *Drovers' National Bank* v. *Blue*, 110 Mich. 31 (64 Am. St. Rep. 327). The case just cited is not in point in this case. The note in that case was not given to the Drovers' National Bank, but to the Chicago Supply Company, who transferred it to the bank. It was claimed the note was given without consideration, and the court, in the opinion, says:

"The testimony shows that no money or valuable thing passed at the time of the purchase. A mere credit was given by the bank for the note,—a promise to pay, in other words; and there is nothing to show that this credit was ever drawn upon, or that the account of which it became a part was exhausted, before the maturity of the note, or before notice of the fraud."

In this case the draft, when drawn and accepted, was payable to the order of the plaintiff bank, who credited the amount of the proceeds thereof to Mr. Whittaker in his account with the bank, which fund was exhausted by Mr. Whittaker. It was given for a valuable consideration. There was no fraud in its inception. Its acceptance by the defendant when the plaintiff was named in the draft as payee made the defendant the debtor of the plaintiff. If the defendant saw fit to pay the draft to the drawer thereof without the draft being in his possession, and without learning he was authorized by the payee to receive payment, it did so at its peril. There is no testimony in the case which would warrant the inference that plaintiff was not a *bona fide* holder of the draft, and a verdict should have been directed in its favor.

Judgment is reversed, and new trial ordered.

The other Justices concurred.