FREDONIA NATIONAL BANK *v.* TOMMEI.[1]

1. EVIDENCE—SECOND DEPOSITION—DISCRETION OF COURT.
    The admission of a second deposition, taken after due notice, to bring out facts not shown in the first deposition, rests in the discretion of the court, and is not ground for reversal.

2. BILLS AND NOTES—BANKS—DISCOUNT—PURCHASE FOR VALUE.
    A bank which discounts a promissory note, crediting the proceeds to the indorser's account, which becomes exhausted before the maturity of the note, is a purchaser for value, notwithstanding the indorser subsequently has deposits equal to the amount of the note.

3. SAME—BONA FIDE PURCHASER—FRAUD—EVIDENCE.
    In an action on a promissory note, where plaintiff makes a *prima facie* showing of *bona fide* purchase, evidence of fraud in the inception of the note is properly excluded until defendant has introduced some evidence of *mala fides*.

Error to Houghton; Streeter, J. Submitted November 18, 1902. (Docket No. 92.) Decided December 2, 1902.

*Assumpsit* by the Fredonia National Bank against Paul Tommei on certain promissory notes. From a judgment for plaintiff on verdict directed by the court, defendant brings error. ·Affirmed.

This is a suit upon two promissory notes,—one dated December 20, 1900, for $300; the other dated February 19, 1901, for $328.25; both executed by the· defendant to the order of White & Flagg. White & Flagg were manufacturers of grape juice and wine in Fredonia, N. Y. Mr. Flagg sold to the defendant 75 barrels of grape juice on December 20th, for which he received two notes. The one dated February 19th is a renewal for one of the same amount dated December 20th. These notes were

[1]Rehearing denied March 9, 1903.

indorsed by White & Flagg, and were discounted by White at the plaintiff's bank. The proceeds were placed to his credit, and the entire amount checked out. White on two or three occasions overdrew his account before the notes became due. White & Flagg were held as indorsers. The defense set up with the plea was that the sale was illegal because White & Flagg had procured no license to sell wine in Michigan, and that the wine or grape juice was worthless.

The testimony of White and Flagg and the cashier of the bank was taken by deposition at Fredonia, N. Y. All three testified to the purchase of the notes by the bank. White's account with the bank was also introduced, showing the credit given to him. The court held that the evidence on the part of the plaintiff established the fact that it was a *bona fide* purchaser for a valuable consideration, and refused to permit the defendant to show the character of the wine or grape juice, or that White & Flagg had taken out no license from this State to sell liquor, until he had introduced evidence tending to show that plaintiff was not a *bona fide* purchaser. This he failed to do, and the court directed a verdict for the plaintiff.

*M. E. Louisell* (*Larson & Galbraith*, of counsel), for appellant.

*Hanchette & Lawton*, for appellee.

GRANT, J. (*after stating the facts*). 1. A second deposition of the cashier was taken, after due notice, in Fredonia. Counsel for the defendant objected to the introduction of this deposition in evidence. Its admission rested in the sound discretion of the court, in the same manner as the recall of a witness for further examination rests in its discretion. The second deposition was taken mainly to show the condition of White's account, which was not given in the first deposition. We think there was no error in admitting it.

2. We think the evidence on the part of the plaintiff

conclusively established that it was a *bona fide* purchaser of these notes. It paid for them by crediting the amount thereof upon White's account, and permitting him to check it all out before their maturity. Defendant gave notice of fraud in the inception of the notes. Plaintiff then assumed the burden of showing *bona fides*. It was then incumbent upon defendant to first show some evidence of *mala fides*, before introducing evidence of fraud. The case is within *Drovers' Nat. Bank* v. *Blue*, 110 Mich. 31 (67 N. W. 1105, 64 Am. St. Rep. 327). It was immaterial that subsequently White, who kept his account at the bank, had deposits equal to or exceeding the amount of these notes.

The judgment is affirmed.

The other Justices concurred.