(92 South. 10)

### NATIONAL BANK OF COMMERCE v. MORGAN. (6 Div. 498.)

(Supreme Court of Alabama. Oct. 27, 1921. Rehearing Denied Dec. 22, 1921.)

**Bills and notes ⬥356—Bank not bona fide purchaser of draft deposited, where depositor at all times had deposit in excess of amount of draft.**

If a bank, with which a draft was deposited by the drawer, was a purchaser and not a mere collecting agent, it was nevertheless not a bona fide purchaser for value, where the depositor continuously, from the negotiation of the draft until garnishment of the proceeds, had a balance on deposit in excess of the amount of the draft.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by B. C. Morgan, against the National Hay Company, with garnishment to the First National Bank of Birmingham who answered "indebted," but suggested the National Bank of Commerce as claimant. Issue was made up between the plaintiff and claimant, and the trial resulted in a judgment for the plaintiff, and claimant appealed. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed. The following is the statement of facts:

On November 13, 1919, the National Hay Company, a corporation, having its principal place of business in Kansas City, Mo., deposited with the National Bank of Commerce, the appellant, among other items, a draft on W. M. Cosby Flour & Grain Company of Birmingham, Ala., in the sum of $456.57, said draft being accompanied by bill of lading. This item was received by the National Bank of Commerce, along with other items of deposit of the National Hay Company, and the account of the National Hay Company was on that date credited with the full amount of said deposits, including the item mentioned. Thereafter, the draft with bill of lading attached was forwarded by National Bank of Commerce to First National Bank of Birmingham, Ala., for collection and remittance to National Bank of Commerce, and the amount of the draft was paid by the drawee to the First National Bank of Birmingham. Prior to the remittance by said last-mentioned bank to the National Bank of Commerce, of the proceeds of said draft, on, to wit, the 23d day of December, 1919, attachment proceedings were instituted in the circuit court of Jefferson county, Ala., by the appellee against National Hay Company, and service was sought to be perfected by the process of garnishment directed to the First National Bank of Birmingham, Ala. In response to the writ issued to it, said bank as garnishee filed its answer, admitting that it held in its possession the proceeds of said draft and suggesting the National Bank of Commerce as claimant to said fund. Whereupon, the National Bank of Commerce propounded its claim to said fund, and an issue was made up between appellee and appellant, which issue was found by the circuit court of Jefferson county in favor of the appellee, and the garnishee was ordered to pay the proceeds of said draft into court.

On the trial of the issue joined between appellant and appellee, the only evidence was that offered on behalf of the appellant. This evidence showed that the National Hay Company was a regular customer of appellant, when the draft in question was deposited, and that appellant did not accept said draft as a collection item but did accept it as a cash item and immediately credited the account of the National Hay Company with the full amount of said draft; that it did not discount this

draft or any other drafts of the National Hay Company, but that the arrangement was that all such items were credited as cash items, with the privilege to the National Hay Company of checking against such credits, the National Hay Company paying to the appellant interest on the amounts of such items from the date such items were credited until the dates appellant actually received the proceeds of such items. There was no particular agreement or understanding with reference to this particular item, but it was handled in the usual and ordinary course of business and subject to the general agreement above set out. At the close of business on November 13th, the date of the deposit of this draft, there was to the credit of the National Hay Company with the appellant the sum of $21,775.30. Within five days thereafter, appellant had paid checks of the National Hay Company, on said account, in the sum of $21,824.38. Within 11 days thereafter, appellant had paid the checks of the National Hay Company, on this account, in the sum of $66,201.87. The account was not overdrawn, since subsequent deposits of the National Hay Company, between November 13th and November 24th, were sufficient to keep a balance to the credit of the National Hay Company at all times.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellant.

Under the facts, claimant became the absolute owner of the draft. 77 Ala. 168, 54 Am. Rep. 50; 9 Ala. App. 322, 63 South. 776; 196 U. S. 283, 25 Sup. Ct. 243, 49 L. Ed. 482; 72 Kan. 336, 83 Pac. 1048, 3 L. R. A. (N. S.) 1167; 172 Mass. 363, 52 N. E. 387; 59 Mo. App. 540; 90 N. Y. 530, 52 Ind. App. 672, 96 N. E. 403; (Mo. App.) 222 S. W. 487; 144 Pac. 1002. The payment of the checks constituted a payment of the item. 27 Ala. 444; 86 Ala. 407, 5 South. 181; 91 Ala. 166, 8 South. 405; 108 Ala. 590, 19 South. 76. See also 6 A. L. R. 252, and note.

Coleman & Coleman & Spain, of Birmingham, for appellee.

The National Hay Company was the owner of the money, and not the claimant. 7 C. J. 599; 128 Tenn. 320, 160 S. W. 848; 9 Ala. App. 322, 63 South. 776; 118 Ala. 412, 24 South. 389.

ANDERSON, C. J. Whether or not the appellant bank received the draft in question as a mere collecting agent or as a purchaser, we need not decide, for it may be conceded that it acquired same in the latter capacity, only for the purpose, however, of deciding this case, yet the proof fails to show that it was a bona fide purchaser for value. The appellant credited the amount of the draft to the deposit account of the drawer, the hay company, and did not become a bona fide purchaser of same as against the appellee, a creditor of the hay company, unless it showed that the amount so credited was absorbed by an existing debt, or had been subsequently exhausted by checks of said hay company. Tatum v. Commercial Bank, 185 Ala. 249, 64 South. 561; Alabama Grocery Co. v. First National Bank of Ensley, 158 Ala. 143, 48 South. 340, 132 Am. St. Rep. 18; McNight v. Parsons, 136 Iowa, 390, 113 N. W. 858, 22 L. R. A. (N. S.) 718, 125 Am. St. Rep. 265, 15 Ann. Cas. 665, and cases cited, including Drovers' National Bank v. Blue, 110 Mich. 31, 67 N. W. 1105, 64 Am. St. Rep. 327, and Manufacturers' Bank v. Newell, 71 Wis. 312, 37 N. W. 420; Daniel on Negotiable Instruments, § 779b. The evidence not only fails to show that the sum so credited to the hay company had been absorbed by existing debts or subsequently checked out, but affirmatively shows the contrary, by establishing a balance on deposit to the credit of the hay company, in excess of the amount of the draft, continuously from the negotiation for same to the service of the garnishment. The opinion in the case of McNight v. Parsons, supra, several times cited and followed by this court, says:

"The good faith of the indorsement of the bank is also challenged on the ground that it does not appear to have become an indorsee or purchaser in due course of business. This objection is grounded on the fact that the cashier, while testifying that the bank purchased and paid for the note, says that the so-called payment therefor was effected by giving Bigler & Sons credit on the books of the bank. He further says that, to the best of his recollection, the account of Bigler & Sons was not then or at any time thereafter overdrawn, and there is no showing or suggestion that such credit was ever canceled by withdrawals, or applied by the bank to the payment of claims in its hands against Bigler & Sons. In this condition of the record it is very clear that such transaction did not constitute the bank an innocent holder in due course of business."

In the case of Drovers' National Bank v. Blue, supra, the Michigan court, speaking through Hooker, J., said:

"The testimony shows that no money or valuable thing passed at the time of the purchase. A mere credit was given by the bank for the note, a promise to pay, in other words; and there is nothing to show that this credit was ever drawn upon, *or that the account of which it became a part was exhausted,* before the maturity of the note, or before notice of the fraud." (Italics supplied.)

"The authorities hold that the mere crediting to a depositor's account, on the books of a bank, of the amount of a check drawn upon another bank, where the depositor's account continues to be sufficient to pay the check in case it is dishonored, does not constitute the bank a holder in due course." Citizens' State Bank v. Cowles, 180 N. Y. 346, 73 N. E. 33, 105 Am. St. Rep. 765; Union National Bank v. Winsor, 101 Minn. 470, 112 N. W. 999, 118 Am. St. Rep. 641, 11 Ann. Cas. 204; Merchants' Bank v. Marine Bank, 3 Gill (Md.) 96, 43 Am. Dec. 300; Drovers' National Bank v. Blue, 110 Mich. 31, 67 N. W. 1105, 64 Am. St. Rep. 327

Appellant's counsel insist that the appellant bank was a bona fide purchaser in due course, notwithstanding the hay company's account had never been overdrawn and it had a balance to its credit, in excess of the draft, continuously from the day the draft was received until the service of the garnishment, as checks were drawn against the bank in the meantime sufficient to exhaust the credit as it stood when the proceeds of the draft were credited to the hay company, and call our attention to a very extensive note to the case of Old National Bank v. Gibson, 6 A. L. R. 262. This note does conform to the appellant's contention and is opposed to our holding, and cites numerous cases in support of its theory that the bank would be a bona fide purchaser, notwithstanding the credit to the hay company during the interval exceeded the amount of the draft, if checks were subsequently drawn in excess of the balance to the hay company's credit on the day the draft was deposited. In other words, that subsequent deposits should not be considered to keep up the balance. We have made a most thorough and careful examination of the cases cited in said note and find that very few of them are in point, notwithstanding, many of them cite the case of Fox v. Bank of Kansas, 30 Kan. 441, 1 Pac. 789, wherein the general doctrine as to the application of payments between debtor and creditor was inaptly applied to cases of this character and which no doubt superinduced the error into which, we think, some of the courts have fallen. This Fox Case is not so fully or satisfactorily reported as to demonstrate whether this particular point was necessarily decisive of the case and justified the statement of the rule of "first in first out," as set forth by Judge Brewer, but we will concede that the decision in said case is contrary to the present holding, as is the case of Dreilling v. First National Bank, 43 Kan. 197, 23 Pac. 94, 19 Am. St. Rep. 126. The only other cases so holding are United States Bank v. McNair, 114 N. C. 335, 19 S. E. 361, and Merchants' National Bank v. Santa Maria Sugar Co., 162 App. Div. 248, 147 N. Y. Supp. 498. This New York case also discusses the case of Citizens' Bank v. Cowles, 180 N. Y. 346, 73 N. E. 33, 105 Am. St. Rep. 765, from which we quote, and we concede that said quotation was not necessarily decisive of the case, but think that the rule as thus set forth is sound and is supported in point by the cases cited by us in support of same. The opinion in the New York case of Santa Maria Sugar Co., supra, also claims support by the Kansas, North Carolina, Minnesota, and Oklahoma courts. As above noted, it is supported by the Kansas and North Carolina courts, but not by the other two.

The case of First National Bank v. Mc-

Nairy, 122 Minn. 215, 142 N. W. 139, Ann. Cas. 1914D, 977, is not in point, as the balance in the bank was less the day it received notice than the amount on deposit, including the proceeds of the paper, the day it was negotiated and placed to the credit of the depositor. And while the Fox-Kansas Case is cited, the opinion also approves its own case of Union National Bank v. Winsor, supra, and which said last case supports the present holding.

The case of Morrison v. Farmers' Bank, 9 Okl. 697, 60 Pac. 273, is not opposed to the present holding. Like many others, it cites the Kansas-Fox Case but went off on a failure of proof, that is that the burden of proof was on Morrison, and, while there was a balance to the credit of the company, the depositor, when the deposit credit was entered by the bank from aught that appeared— "it all may have been drawn out the next day after the draft was taken by the bank; or it may have been overdrawn or the balance may have been increased and kept above the sum called for by the draft at all times since."

In other words, the defendant had failed to show the condition of the bank account, and, the burden being upon him, it was open for the court to presume that the credit had not been exhausted.

The case of Fredonia v. Tommei, 131 Mich. 674, 92 N. W. 348, is not in conflict with the present holding. True, the last part of the opinion states:

"It was immaterial that subsequently White, who kept his account at the bank, had deposits equal to or exceeding the amount of these notes."

This was, of course, immaterial, for the reason that the statement of facts, as well as the opinion, show that previous to the subsequent deposits White's account had been fully checked out and that the proceeds of the note had been fully exhausted, just as we would hold in the case at bar, if the proof showed that the hay company had checked out its entire balance at any time between the deposit of the draft and the notice of the garnishment. But, as above stated, the hay company had a standing balance to its credit with appellant bank throughout this period in excess of the draft. This last case also cites approvingly Drovers' Bank v. Blue, 110 Mich. 31, 67 N. W. 1105, 64 Am. St. Rep. 327, and which supports the present holding.

Nor does section 994 of Randolph on Commercial Paper, cited and relied upon in some of the cases contra, support their holding or oppose in the slightest the present conclusion. So much thereof as is pertinent merely states that, it is sufficient to constitute the bank a bona fide holder, if it takes a draft on deposit to the general credit of the drawer, and the money is checked out before

notice of the defense. Said section does not attempt to define what does or does not constitute a checking out.

Our cases of Harrison v. Johnston, 27 Ala. 445, and Stickney v. Moore, 108 Ala. 590, 19 South. 76, involve the general application of payments between debtor and creditor on separate and distinct claims or different items upon a general account, and not the question of a bona fide purchaser and the checking against bank deposits so far as it affected the rights and equities of third persons. They merely lay down the general rule as to the application of payments between debtor and creditor, and which said rule was inaptly applied in the Kansas-Fox Case, hence the present conflict in the authorities.

While entertaining a most profound respect for the courts holding contrary to our conclusion, we think our position the more just and equitable, in view of the fact that a bank has the right to apply all unchecked against deposits to the debts due it by the depositor. Morse on Banking, § 324; Lehman v. Tallassee Co., 64 Ala. 595; Batson v. Alexander City Bank, 179 Ala. 490, 60 South. 313. This holding cannot therefore be of serious detriment to banks, while a contrary view might result in furnishing a weapon to the negotiator of notes and bills against their creditors or persons having a right or equity in or against the instruments so negotiated.

The judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur.