CENTRAL SAVINGS BANK & TRUST CO. v. WACHMAN.

1. BILLS AND NOTES—GOOD-FAITH PURCHASER—DIRECTED VERDICT.
   In an action by a bank upon certain promissory notes valid upon their face, where the evidence is undisputed that the bank took the notes and credited the proceeds to payee's account, after which, with his consent, it charged his account with the indebtedness of a certain company with which he was connected, leaving a small overdraft which he paid, all of which was done before the maturity of the notes and before there was any notice of fraud or of protest, the bank was a purchaser in good faith and for value, and entitled to a directed verdict in its favor.

2. JUDGMENT—NON OBSTANTE VEREDICTO.
   Where, under the undisputed facts, the trial court should have directed a verdict in favor of plaintiff, and, failing this, should have entered a judgment for it *non obstante veredicto*, on error the case will be remanded to the court below with direction to enter judgment *non obstante veredicto*.

For a discussion of the question of title and right to overdue notes as between one who was induced by fraud to transfer it to one who in good faith bought of fraudulent transferee, see note in 2 L. R. A. (N. S.) 767.

Error to Wayne; Webster (Clyde I.), J.   Submitted October 24, 1922.   (Docket No. 178.)   Decided December 29, 1922.   Rehearing denied March 23, 1923.

Assumpsit by the Central Savings Bank & Trust Company against Robert Wachman and others upon certain promissory notes.   Judgment for defendants. Plaintiff brings error.   Reversed.

*Frank D. Andrus,* for appellant.

*Samuel Shimans,* for appellees.

McDONALD, J.   This action is brought by the plaintiff, a banking institution of Covington, Kentucky, to recover on three promissory notes given by the defendants, payable to one Luther B. Watson, and discounted by him at plaintiff's bank.   The case has been to this court before and is reported in 207 Mich. 329. The facts are there fully stated.   On the first trial there was a directed verdict for the plaintiff.   The defendants appealed.   The judgment of the circuit court was reversed because there was no evidence as to "when this account to the credit of which these notes were placed was drawn upon or exhausted; whether before or after the maturity of the notes, or before or after notice of the fraud, or protest."   At the close of the testimony in the instant case both parties moved for a directed verdict.   The motions were denied and the case submitted to the jury.   The verdict was for the defendants.   Counsel for the plaintiff then made a motion for a judgment *non obstante veredicto.*   This motion was denied, and judgment entered on the verdict.   From this judgment the plaintiff appealed.

In this record the evidence is undisputed that the bank took the notes and credited Mr. Watson's account with the proceeds, amounting to $2,079.40, after

221—Mich.—33.

which, with his consent, it charged his account with the indebtedness of the Jiffy Starter Company. This left an overdraft in his account of $97.33, which he paid. All of this was done before the maturity of the notes, and before there was any notice of fraud or of protest. The notes were valid on their face. Under these circumstances, the bank was a purchaser in good faith and for value. The case is controlled by *Fredonia Nat. Bank* v. *Tommei,* 131 Mich. 674, and by *Central Savings Bank & Trust Co.* v. *Stotter,* 207 Mich. 329, and cases cited therein.

The claim that Mr. Watson was not an indorser on the notes of the Jiffy Starter Company, in payment of which the proceeds of the notes in question was applied, and that he was under no legal obligation to pay them, is without material bearing on the controlling question in the case. The bank claimed that he was under a moral obligation to pay them or to see that they were paid, because it was on the strength of his financial standing and his connection with that company that credit was extended. In any event, he consented that the proceeds of the notes in question should be used to discharge the indebtedness of the Jiffy Starter Company. In view of the undisputed testimony showing that the plaintiff was a good faith purchaser for value, it was the duty of the court to so hold as a matter of law, and to have directed a verdict for the plaintiff. Failing in this, he should have entered a judgment for plaintiff *non obstante veredicto.*

Because of this error the judgment is reversed, with costs to the plaintiff. The case is remanded and a judgment notwithstanding the verdict will be entered for the plaintiff by the circuit judge.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.