(118 So. 588)

## COLORADO NAT. BANK v. WESTERN GRAIN CO. (6 Div. 91.)

Supreme Court of Alabama. Nov. 8, 1928.

340

Lange, Simpson & Brantley and M. L. Robinson, all of Birmingham, for appellant.

J. P. Mudd, of Birmingham, for appellee.

GARDNER, J. The appellant insists it was a bona fide purchaser for value of the two drafts, the proceeds of which are here involved, and this is the sole question presented on this appeal.

"A bank does not become a bona fide purchaser for value and without notice of a negotiable paper by simply discounting it for one not its debtor at the time and placing the amount to the credit of the holder by way of deposit. In such circumstance the act of discounting and of crediting only effects to establish the relation of debtor and creditor between the depositor and the bank; but, if the amount deposited to the checking account of the customer. is exhausted before maturity or before notice of any defect, then the bank is a purchaser for value." Sherrill v. Merchants' & Mechanics' T. & S. Bank, 195 Ala. 175, 70 So. 723. See, also, Tatum v. Commercial Bank & Trust Co., 185 Ala. 249, 64 So. 561.

This principle was given full force in the more recent case of National Bank of Commerce v. Morgan, 207 Ala. 65, 92 So. 10, 24 A. L. R. 897, which authority we consider as of controlling influence on the instant case.

■ Here, as in the Morgan Case, no actual cash was paid, but the amounts of the drafts were deposited to the general checking account of the drawer, the Western Alfalfa Milling Company, and these amounts were not absorbed by any existing indebtedness to the bank nor subsequently exhausted by checks of said milling company; but, on the contrary, it affirmatively appears that the balance on deposit to the credit of the milling company in said bank in its general checking account was in excess of the combined total of the two drafts in question, continuously from their negotiations to the service of the garnishment. In addition, it appears the deposit slips contained stipulations to the effect that the items therein were credited conditionally, as was the case in Alexander v. Birmingham Trust & Savings Co., 206 Ala. 50, 89 So. 66, 16 A. L. R. 1079. But it is insisted the instant case is differentiated from the Morgan Case, supra, for the reason that here the milling company, the drawer, borrowed the amount of the draft from the bank, and executed its note therefor payable in exact amount thereof one month after date, and placed the draft with bill of lading attached merely as security therefor. But the fact remains that no actual cash was paid, but credit only given. The cases differ in the form of the transaction only. In the one case, upon failure in collection of the draft, the bank looks for reimbursement to the drawer, as indebtedness on open account, and in the other, as in the instant case, that indebtedness is evidenced by promissory note. The deposit credit, as previously stated, was conditional with the right of the bank to charge back the amount thereof to the depositor upon failure in payment of the draft, and the notes, in such event (the deposit being the consideration for the notes), would be unenforceable for a failure of consideration, and the fact they had not matured would be immaterial. In either event the bank will have parted with nothing of value. Very clearly the form of indebtedness only will not suffice to render less effective the controlling principle as recognized in the above-noted authorities, particularly National Bank of Commerce v. Morgan, supra.

We have duly considered the various provisions of our Negotiable Instrument Law noted by counsel for appellant and the authorities cited in their brief (among them Elmore County Bank v. Avant, 189 Ala. 418, 66 So. 509; Blount County Bank v. Harris, 200 Ala. 669, 77 So. 43), but find nothing therein that, in our opinion, militates against the conclusion here reached.

Upon the principle of the Morgan Case, supra, recognized also in the other cases hereinbefore cited, we are persuaded the judgment of the court below is correct, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.