147 So. 198

# W. E. HERRON MOTOR CO., Inc., v. FIRST NAT. BANK OF BIRMINGHAM et al.

## 6 Div. 146.

Supreme Court of Alabama.

March 16, 1933.

Rehearing Denied April 13, 1933.

Theo. J. Lamar, of Birmingham, for appellant.

Cabaniss & Johnston, of Birmingham, for appellee First Nat. Bank.

Judge & Nesmith, of Birmingham, for appellee Montgomery.

KNIGHT, Justice.

The bill in this cause was filed under the provisions of section 10390 of the Code against the First National Bank of Birmingham, and H. H. Montgomery, as superintendent of banks, having in charge and liquidation the affairs of the Southside Bank, a banking institution doing business in the state of Alabama.

The suit arises over the ownership of the proceeds of a certain check or draft, which was duly indorsed and deposited for collection with the Southside Bank on the 15th day of January, 1931, and which bank on the evening of January 21st closed its doors, and on the next day was placed in the hands of the superintendent of banks for liquidation.

It is made to appear that the Southside Bank forwarded this check to its correspond-.ent bank, which was the First National Bank of Birmingham. Just when this check was ·paid does not appear from the evidence.

From the bill it is made to appear that the Southside Bank forwarded this check, which was drawn by Conrad Banking Company of Great Falls, Mont., and payable in another state, for collection through the First Nation-al Bank of Birmingham. The Southside Bank never paid over the proceeds of the check or draft to the appellant, and it is still without its money.

The First National Bank of Birmingham denied in its answer that the check was received by it, or forwarded to it, for collection merely. It alleged that it was an innocent purchaser of the check or draft for value, and "that at the time of its purchase defendant had no information or knowledge that it—the check or draft—had been deposited with the Southside Bank for collection merely; that having paid value for the check it acquired title thereto and became entitled to the proceeds of the check when it was paid; that the first information defendant had of complainant's claim that the check had been deposited for collection merely was received after the defendant's purchase of the check, and after payment by it to the Southside Bank for the said check." There was no evidence to show that the check, as indorsed, bore evidence within its four corners that it had been indorsed to the Southside Bank for collection, nor was there anything upon the check to give any hint to the First National Bank of Birmingham that the Southside Bank was not the rightful owner of the paper. It was in fact a courier without luggage.

The evidence, which was given ore tenus, shows that on the receipt of this check, as was its uniform custom in its dealings with the Southside Bank, the First National Bank of Birmingham gave the Southside Bank credit upon its checking account for the amount of the check; that at that time the Southside Bank had a balance to its credit with the First National Bank, but that between the date of receiving the check and giving the Southside Bank credit for the same, the latter bank exhausted by withdrawals all the funds it had with the First National Bank, including the proceeds of said check, and leaving a substantial overdraft. And that this transpired before the First National Bank received any knowledge or information in regard to the asserted claim of the appellant.

■ It seems, therefore, that under many adjudications of this court, the First National Bank was a bona fide purchaser for value of the check or draft, in due course of business, and, being such purchaser, its right to receive and retain the proceeds of the check must prevail over the asserted claim of complainant, of which asserted claim the said bank had no notice until after the Southside Bank had exhausted its account.

In the case of Sherrill v. Merchants' & Mechanics' T. & S. Bank, 195 Ala. 175, 70 So. 723, 725, it is said: "A bank does not become a bona fide purchaser for value and without notice of a negotiable paper by simply discounting it for one not its debtor at the time and placing the amount to the credit of the

holder by way of deposit. In such circumstance the act of discounting and of crediting only effects to establish the relation of debtor and creditor between the depositor and the bank; but, if the amount deposited to the checking account of the customer is exhausted before maturity or before notice of any defect, then the bank is a purchaser for value." Warman v. First Nat. Bank, 185 Ill. 60, 57 N. E. 6, 49 L. R. A. 412; Union Nat. Bank v. Winsor, 101 Minn. 470, 112 N. W. 999, 118 Am. St. Rep. 641, 11 Ann. Cas. 204, 206; First Nat. Bank v. McNairy, 122 Minn. 215, 142 N. W. 139, Ann. Cas. 1914D, 977; City Deposit Bank v. Green, 130 Iowa, 384, 106 N. W. 942; Colorado National Bank v. Western Grain Co., 218 Ala. 339, 118 So. 588; National Bank of Commerce v. Morgan, 207 Ala. 65, 92 So. 10, 24 A. L. R. 897; Davies v. Simpson, 201 Ala. 616, 79 So. 48; Fruitticher Electric Co. v. Birmingham T. & S. Co., 201 Ala. 676, 79 So. 248; Elmore County Bank v. Avant, 189 Ala. 418, 66 So. 509.

Of course, if the First National Bank, in good faith, acquired the check or draft in due course of business, having paid value therefor, by crediting the checking account of the Southside Bank for the amount of the draft, the burden of proving that the First National Bank acquired knowledge of the infirmity in the title of the Southside Bank to the paper before the latter bank had exhausted its checking account was upon the complainant. Elmore County Bank v. Avant, supra; 8 Corpus Juris 989, and authorities cited in note. No such proof appears in the case, and we are at the conclusion that the complainant is not entitled to relief against the appellee, the First National Bank.

Is the complainant, under the facts in the case, entitled to any relief as against the appellee H. H. Montgomery, as superintendent of banks; liquidating the Southside Bank? We think not. The evidence in this case leaves no room for doubt that the complainant has made no case for relief against this appellee. In the case of J. Allen Smith & Co. v. Montgomery, State Sup't of Banks, 209 Ala. 100, 95 So. 290, 291, it is held: "It is well settled by the former decisions of this court that in order for these appellants to have acquired and enforced a lien upon the funds in the hands of this appellee, as receiver of the insolvent bank, they must have traced and identified the money collected for them by the Merchants' Bank, as being on hand when this appellee took over the affairs of said bank, and proof that he received or took over a fund into which the appellants' money had been placed, or with which it had been commingled will not suffice." Lummus Cotton Gin Co. v. Walker, 195 Ala. 552, 70 So. 754; Nixon State Bank v. First State Bank, 180 Ala. 291, 60 So. 868; Bank of Florence v. United States Savings & Loan Co., 104 Ala.

297, 16 So. 110. Before this appellee took charge of the Southside Bank, it had disposed of the check or draft in question to the First National Bank, and it had been paid in full therefor, and there is no evidence in this case to show that the money received from the said last-named bank was on hand at the time the superintendent of banks took charge of the affairs of the Southside Bank. Even if there was proof in this case that the superintendent of banks received or took over a fund into which the appellant's money had been placed, or with which it had been commingled, that fact would not suffice for the enforcement of a lien thereon in favor of the appellant. Authorities supra. However, there was no such proof.

We are, therefore, of the conclusion that the appellant is not entitled to relief against the appellee H. H. Montgomery, as superintendent of banks.

It follows that the decree of the circuit court is due to be here affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.