167 So. 793

**W. E. HERRON MOTOR CO., Inc., v. MAYNOR et al.**

**6 Div. 668.**

Supreme Court of Alabama.

April 30, 1936.

---

W. P. McCrossin and Theodore J. Lamar, both of Birmingham, for appellant.

Thos. J. Judge, of Birmingham, for appellees.

THOMAS, Justice.

The complaint is in two counts for trover.

The evidence being closed, the "defendants made a motion to exclude the testimony, and over the protest of the plaintiff the motion was granted, to which the plaintiff then and there excepted, and thereupon the court discharged the jury and entered up a judgment in favor of the defendants, to which the plaintiff then and there duly reserved an exception."

The granting of the motion to exclude the evidence was without injury, for the evidence did not make a prima facie case. Dorough v. Alabama Great Southern R. Co., 221 Ala. 305, 128 So. 602; Mount Vernon-Woodberry Mills v. Little, 222 Ala. 605, 133 So. 710; Stewart Bros. v. Ransom, 200 Ala. 304, 76 So. 70.

The two counts were for the conversion of "a check in the sum of Three Thousand and no/100 Dollars ($3,000.00) drawn by the Conrad Banking Company of Great Falls, Montana, or the proceeds thereof, which said check was placed with the Southside Bank, Birmingham, Alabama, on January 15th, 1931, for collection only, the property of the plaintiff."

The general definition of a conversion at law is "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights." Black's Law Dictionary, page 273.

It is held that trover will not lie for the conversion of a promissory note or check after it has been paid or legally discharged. Lowremore v. Berry, 19 Ala. 130, 54 Am. Dec. 188; Page v. Skinner, 220 Ala. 302, 125 So. 36; Shrimpton & Sons, Limited, v. Culver, 109 Mich. 577, 67 N.W. 907.

The effect of the decisions is that trover for a check cannot be maintained when it is within the contemplation of the parties that the check be received, handled, and cashed by the defendant, as was done under the evidence. It is not shown, however, under the evidence in this case, that a wrong was done plaintiff in receiving and converting the check into money through its usual banking correspondents, according to the contemplation of the parties. Booker et al. v. Jones' Adm'x, 55 Ala. 266; Locke v. Reeves et al., 116 Ala. 590, 22 So. 850; Albertville Trading Co. v. Critcher, 216 Ala. 252, 112 So. 907; First Nat. Bank of Montgomery v. Montgomery Cotton Mfg. Co., 211 Ala. 551, 101 So. 186; Munter & Faber v. Rogers, 50 Ala. 283, 292; Blackman v. Lehman, Durr & Co., 63 Ala. 547, 35 Am. Rep. 57.

It would appear that appellant has mistaken its remedy. Rudisill Soil Pipe Co. v. First Nat. Bank of Anniston, 224 Ala. 436, 140 So. 569; A. Paul Goodall Real Estate & Ins. Co. v. North Birmingham American Bank, 225 Ala. 507, 144 So. 7.

A phase of this transaction is reported in W. E. Herron Motor Co., Inc., v. First Nat. Bank of Birmingham et al., 226 Ala. 434, 147 So. 198.

The judgment of the circuit court is not infected with reversible error and is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.