NICHOLAS DREILLING *et al.* v. THE FIRST NATIONAL BANK OF BATTLE CREEK.

1. SUPPLEMENTAL PETITION, *Duly Filed.*    The filing of a supplemental petition setting forth facts occurring after the original petition was filed, material to the determination of the case, is authorized by §144 of the civil code.

2. PRACTICE — *Reply to Second Answer Unnecessary.*    Where a general denial was filed to the original answer of the defendants, and afterward a supplemental petition was filed simply alleging that the plaintiff, a bank, had consolidated with another, and the new bank thus organized was the owner of the note sued on, but did not repeat any of the other allegations of the original petition upon which the plaintiff relied to recover, and the defendants answered again fully to the merits of the action, but without setting forth any new matter, only more elaborately stating the defenses of their first answer, *held*, another reply was unnecessary.

3. BANK — *Innocent Purchaser for Value, When.*    The mere discounting of negotiable paper by a bank, and placing the amount thereof to the credit of depositors having already a balance to their credit, will

not alone constitute the bank a purchaser for value so as to cut off equities. The bank becomes, however, a debtor *to the depositors;* and if before notice of any infirmities of the paper, it pays out on the checks of the depositors the full amount due thereon, including the discount, it thereby becomes an innocent purchaser for value. (*Fox v. Bank*, 30 Kas. 441.)

### *Error from Ellis District Court.*

ACTION to recover on a promissory note. Trial at the September term, 1887, and verdict for the plaintiff, *Bank*, for $363.17. New trial denied, and judgment given for plaintiff. The defendants bring the case here.

*H. D. Gilkeson*, for plaintiffs in error.

*Reeder & Reeder*, and *W. P. Montgomery*, for defendant in error.

Opinion by HOLT, C.: This was an action in the Ellis district court on a negotiable promissory note; trial by jury; the court directed them peremptorily to find for the plaintiff for the unpaid balance of the note. The defendants, as plaintiffs in error, complain of this direction of the court, and of certain rulings concerning the pleadings.

The action was commenced by the First National Bank of Battle Creek, as plaintiff. Afterward the court permitted a supplemental petition to be filed wherein none of the allegations of the original petition were repeated upon which the plaintiff relied to recover, but simply stated that after the commencement of this action the First National Bank of Battle Creek and the Second National Bank of Battle Creek had been consolidated, under the name of the National Bank of Battle Creek. This supplemental pleading was authorized by § 144, Civil Code. (*Clark v. Spencer*, 14 Kas. 398; *Simpson v. Voss*, 31 id. 227.)

The defendants answered the original petition by a sworn denial, and also by setting up other matters of defense; the plaintiff replied by a general denial. After the supplemental petition was filed the defendants again answered fully

as to the merits of the action, but set up no new matter, only more elaborately and fully stating their defenses as set forth in their first answer. After this second answer there was no reply filed. None was necessary; the allegations of the answer had been once denied substantially by the reply to the defendants' original answer; this was sufficient. (*Brookover v. Esterly*, 12 Kas. 149; *Cooper v. Machine Co.*, 37 id. 231.)

At the trial the plaintiff showed that it bought the note before due, without knowledge of any defenses there might be to it. The note was given in payment of a threshing-machine; in the sale of this machine a warranty was given, and the defense urged was that there had been a breach of the warranty, and therefore a failure of consideration. The court required of the defendants, before proof of this warranty and its breach could be offered, that they should show that the note was either transferred after due, or else was not transferred for a valuable consideration, or that if plaintiff took it before due he took it with notice of the defenses which defendants had against it. The defendants proffered evidence to show the warranty and its breach, but neither offered nor attempted to establish either one of the three propositions suggested by the court. The defendants complain of this ruling; first, because the court arbitrarily directed their order of proof. It had the right to do so, and did not abuse its discretion in its requirements; in fact, it was the proper order for the court to make. Ordinarily a party has latitude in introducing his testimony, but in this case it would have been an idle thing to introduce testimony concerning the warranty and its breach when it had been fairly established by evidence, *prima facie*, that plaintiff was a *bona fide* purchaser of the note before maturity. All defenses which might have been urged against the original payee thereof were cut off in an action by the holder, who purchased before maturity without notice and for a valuable consideration.

The defendants urge, secondly, that the evidence offered by the plaintiff does not show it to have been a *bona fide* purchaser of the note. The testimony established that the

First National Bank of Battle Creek took this note at its face value before due, and gave Nichols, Shepherd & Co., the original payees of the note, credit on their account. When the note was taken, Nichols, Shepherd & Co. had a balance at the bank to their credit of over $10,000, and it was proven that up to the time of this action their balance had never been less than $10,000. The testimony of Victor P. Collins, president of the bank, shows that the amount of the credit of Nichols, Shepherd & Co. at the bank when this note was placed to their credit has since been drawn out many times and replaced by new deposits, so that the amount to the credit of Nichols, Shepherd & Co., though often changed in character, had not been materially diminished in amount, but had been kept good by other notes, drafts and moneys deposited subsequently. It is probably true that simply discounting a note and crediting the amount thereof on the indorser's account without parting with any value for it is not enough to constitute such bank a *bona fide* purchaser of the note; in this instance, however, this transaction was simply placing the note to the credit of Nichols, Shepherd & Co. alone, for they subsequently checked against it and exhausted the amount of their credit at the time this note was placed to their account, including the amount of this note.

We think the fact of thus paying out the full amount makes them purchasers. It is conceded that the bank did not buy the note outright and pay for it at that time, but it certainly was debtor to Nichols, Shepherd & Co. for its amount; and the general rule as to the application of payments when there are no special facts to interfere, is that the first payments go to the oldest debts; under this rule the bank paid for it by allowing Nichols, Shepherd & Co. to check against and exhaust the amount of their credit at that time; this note was a part of that credit; it paid for it by cashing checks drawn upon it, and thus became a purchaser of the same for value. (*Fox v. Bank of Kansas City*, 30 Kas. 441; *Mann v. National Bank*, 30 id. 412; Randolph on Commercial Paper, § 994.)

The other errors complained of do not require mention; and we recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.