A. MORRISON & CO. v. THE FARMERS AND MERCHANTS BANK OF LOS ANGELES, CALIFORNIA.

(Filed Feb. 8, 1900.)

1. BANK DRAFT—*Bill of Exchange—Law Governing.* A bank draft drawn in California and payable in Oklahoma is a foreign bill of exchange, and governed by the law in relation to negotiable instruments.

2. BILL OF EXCHANGE—*Acceptance—Presumption—Bona Fide Holder.* An acceptance of a bill of exchange is presumed to have been made for a valuable consideration before maturity, and in the ordinary course of business; and every holder of such bill is presumed to be a *bona fide* holder for value.

3. SAME—*Action of Holder Against Acceptor—Defense.* In an action by a *bona fide* holder for value of a bill of exchange against an acceptor, the acceptor cannot set up defenses or equities which he may have against the drawer of the bill.

4. SAME—*Purchaser in Good Faith.* A purchaser in good faith for value of a bill of exchange takes the same free of any equities the acceptor may have against the drawer, whether he becomes the purchaser before or after the acceptance.

5. SAME—*Burden of Proof.* Defenses available between the acceptor and drawer of a bill of exchange, are not available in an action by the payee against the acceptor, if the payee is a *bona fide* holder for value, and the burden of overcoming the presumption that the payee is not a *bona fide* holder for value is on the acceptor, who seeks to set up such defenses against the payee.

6. SAME—*Purchase of—Debtor and Creditor.* Where a bank purchases a bill of exchange from the drawer before maturity, and gives the drawer credit on his deposit account in the bank for the face value of the bill, such transaction only creates the relation of debtor and creditor, and does not constitute the bank a purchaser or holder for value; but if the deposit is drawn or checked out before the bill is accepted, the bank then becomes a purchaser for value.

7. SAME—*Defense to Action—What Must be Shown.* In order to establish the fact that a bank which is the payee and holder of a bill of exchange is not a purchaser for value, it is not sufficient to show that when the bank took the bill it simply gave the drawer credit on his deposit account for the face of the bill, but it must be further shown that the amount of the deposit at that time had not been paid by the bank prior to acceptance of the bill.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, District Judge.*

*J. P. Allen* and *Hays & Wilson,* for plaintiff in error.

*H. H. Howard* and *F. J. Kearful,* for defendant in error.

Opinion of the court by

BURFORD, C. J.:   The plaintiff in error, A. Morrison, was a wholesale fruit dealer in Oklahoma City, doing business as A. Morrison & Co.   Porter Brothers compan, were fruit jobbers in Chicago, Illinois, and Los Angeles, California.   The defendant in error, the Farmers and Merchants Bank of Los Angeles, was a banking corporation, organized under the laws of the state of California, and doing business at Los Angeles.   In December, 1897, Morrison ordered a carload of oranges and lemons from Porter Brothers company, to be shipped from California to Arkansas City, Kansas.   The fruit was shipped on December 15, and on the same day Porter Brothers company made a draft on Morrison for the full value of the

shipment, $711.25, payable to the order of the Farmers
and Merchants Bank of Los Angeles, due in fifteen days,
and delivered the draft with the bill of lading attached,
to that bank.  The bank took the draft and also an as-
signment of the bill of lading, and gave the Porter
Brothers company credit on their deposit account with
the bank for the face value of the draft.  The draft was
then forwarded by the payees to the State National
bank at Oklahoma City, for presentation to Morrison for
acceptance.  The car of fruit had not arrived as promptly
as Morrison had anticipated, and he claimed to have been
damaged by the delay; but he accepted the draft, ob-
tained the bill of lading, and received the fruit.  When
the draft became due he refused payment, and the Bank
of Los Angeles sued him on the acceptance.  The bank
claimed to be a *bona fide* holder for value before accept-
ance or notice of infirmaties.  .

Morrison answered, denying that the bank of Los An-
geles was a *bona fide* holder for value, but alleged that
the bank held the draft as agents for Porter Brothers
company, for collection, and also set up claim for $300
damages by way of set-off, occasioned by alleged breach
of contract in shipment of the fruit.

The case was tried to the court, and judgment rendered
in favor of the bank for full amount of draft, with in-
terest.  Morrison appeals.

Two questions are presented and argued in the briefs.
First.  Was there such a breach of contract as would
entitle Morrison to damages as against Porter Brothers
company?  Second.  Was the Farmers and Merchants
Bank a *bona fide* holder for value of the draft so as to cut

off any defense that Morrison had against the drawers of the draft?

In our judgment the determination of the latter question is decisive of the case.   This is an action on a foreign bill of exchange by the payees against the acceptor.   It is a well-settled rule of law, that an acceptor of a bill of exchange will not be permitted to vary his liability from that which is apparent upon the face of the bill, by setting up against *bona fide* holders for value, who took the bill before maturity, statements made by the drawers to the drawees whereby they were induced to accept the bill, and we have been unable to find that any distinction is made in this respect between holders of bills who took them before acceptance, and those who took them afterwards.

Failure of consideration as between the drawer and drawee is no defense in an action by the payee or holder against an acceptor, if the payee or holder took the bill before maturity in good faith and for value.   (*Hoffman & Co. v. Bank of Milwaukee*, 12 Wallace, 181; *Goetz v. Bank of Kansas City*, 119 U. S. 551; *The United States v. The Bank of Metropolis*, 15 Peters, 114; *Heuertematte v. Morris*, 101 N. Y. 63; *Dreilling, v. First Nat'l. Bank*, 43 Kans. 197; *Fort Dearborn Nat'l. Bank v. Carter, Rice & Co.* 152 Mass. 34; *Arpin v. Owens*, 140 Mass. 144.)

The Bank of Los Angeles was in this case both the payee and holder of the bill at the time of its acceptance, and at the time suit was brought.

No defense that Morrison had for damages against Porter Brothers company could have been set up in this case against the holder of the bill, unless it was shown that the bank was not a *bona fide* holder for value.

Section 3297, Statutes Oklahoma, 1893, provides:

"The signature of every drawer, acceptor and indorser of a negotiable instrument is presumed to have been made for a valuable consideration, before maturity of the the instrument, and in the ordinary course of business."

Under this rule the Bank of Los Angeles is presumed to have taken the draft for a valuable consideration before maturity, and in the ordinary course of business, or in other words, the holder of a bill of exchange is presumed as against the acceptor to be a *bona fide* holder for value. The burden was on · Morrison to overcome this presumption by proof, otherwise the bank was entitled to judgment for the face value of the draft with interest.

It appeared from the evidence that at the time the draft was taken by the bank no money was actually passed to Porter Brothers company. This firm had been doing business with the bank for about ten years, and was one of its regular customers. It was the practice of the bank during the fruit shipping season to allow the company to make drafts on its customers to whom shipments were made for the value of the shipment, and on assigning the bill of lading to the bank as collateral security and attaching the same to the draft, the bank cashed the draft by giving the company credit on its deposit account for the full amount of the draft. The company was permitted to check against this deposit to its full amount. When the draft was paid, the proceeds belonged to the bank. In the particular transaction under consideration, when the company made its shipment of fruit to Morrison, it made a draft on Morrison payable to the bank after fifteen days, for the sum of $711.25 and assigned the bill of lading to the bank. The bank took the bill of lading and draft, and gave the company credit

on its deposit account, with $711.25.   The bank became
the owner of the draft with the bill of lading as its se-
curity.   Did this transaction constitute the bank a holder
for value?   By entering the value of the draft to the
credit of the company on deposit, it parted with nothing
of value.   The relation of   debtor and creditor was
created; but this was only a promise to pay on check, and
did not constitute an actual payment.

The adjudications are to the effect that a mere discount
and credit does not constitute a *bona fide* purchaser for
value.   To be such, the holder of the bill must actually
part with something of value for it; and where a bank
cashes a bill of exchange for the drawer, and places the
proceeds to the credit of the drawer without actually pay-
ing out any funds, such bank does not become a *bona fide*
holder for value until the deposit is drawn on or checked
out.   (*Manufacturers National Bank of Racine v. Newell*,
71 Wis. 309; *Mann v. The Second National Bank of Spring-
field*, 30 Kansas, 412; *Fox v. Bank of Kansas City*, 30
Kansas, 441.)

But if the bank pays such deposit before it receives
notice of any infirmities, it does become a purchaser for
value, and its right to recover cannot be defeated by
reason of any defense against the drawers of the bill or
draft. ( *Goetz v. Bank of Kansas City*, 119 U. S. 551; *First
National Bank of Detroit v. Burkham*, 32 Mich. 328; *Mann
v. Second National Bank*, 34 Kan. 746.)

From the evidence introduced in relation to the state
of the bank's account with the Porter Brothers company,
it is not made clear whether or not the funds placed to
the credit of the company were paid out by the bank prior

to the acceptance of the bill of exchange by Morrison. The draft was cashed on December 15, 1897, and the deposit entered as of same date. The company was not in debt to the bank, and it was checking against its deposit regularly in due course of business. The depositions of the cashier of the bank and the manager of the Porter Brothers company at Los Angeles were taken in March, 1898. At that date there was still a balance to the credit of the company more than sufficient to pay the draft in question. How this account stood between the date of the draft and time of taking the depositions is not made to appear. It may have been all drawn out the next day after the draft was taken by the bank; or it may have been overdrawn or the balance may have been increased and kept above the sum called for by the draft at all times since. We are unable to tell from this testimony whether or not the bill was paid for by the drawers drawing out the amount of the draft before the acceptance.

What is the effect of this state of the evidence? The presumption is that the bank was a purchaser for value. In order to overcome this presumption and let in Morrison's defense as against the drawers of the draft the burden was cast upon him of showing that the bank was not a holder for value. This could not be done by showing that the bank entered the proceeds of the draft as a credit on its bank books. It was necessary to go further, and show that the deposit was not withdrawn by the drawers or on their orders, prior to the acceptance of the bill by Morrison.

This same question was before the supreme court of Kansas in the case of *Mann v. Second National Bank of Springfield*, 34 Kansas, 746, and in the syllabus it is said:

"Mere evidence that at the time when such instrument was discounted by a bank, the bank merely gave credit for the amount of the instrument to the person selling the same, who had an account with the bank, without showing the state of the account at that or at any other time, will not of itself and alone prove that the bank was not a purchaser for value."

In the case of *Dreilling v. National Bank*, 43 Kan. 197, it was held that although the balance due the depositor from the bank continued to remain equal to or greater than at the time the discount was made, and credit given, yet if the sum on deposit at the date of the credit was drawn out prior to the acceptance, the paying out of such deposit would constitute the bank a purchaser for value, so as to cut off equities of the acceptor.

And in the case of *Fox v. Bank of Kansas City*, Mr. Justice Brewer said the rule of applying payments to the oldest debts is applicable in a case of this character, and if the bank exhausted the amount on deposit in the bank at the time it became the owner of the bill, including the credit given for the purchase of the paper in question, the paying out of such deposit would constitute the bank a purchaser for value, although by other deposits made there was still a balance due the depositor.

As there is no evidence to show that the bank had not paid on checks of Porter Brothers company an amount equal to their balance of deposits to their credit at the time it purchased the draft from them, including the amount credited as proceeds of draft, we cannot say that the evidence is sufficient to overcome the presumption which the law furnishes in favor of the bank.

The law applicable to and governing negotiable instruments and commercial paper must not be liberally con-

strued in order to enable one who has voluntarily become obligated on such paper to escape liability. When Morrison accepted the draft in question, he entered into a new contract with the Bank of Los Angeles, based upon the consideration from Porter Brothers company to him, by which he undertook to pay the bank the full amount of the draft. By this means he obtained possession of the bill of lading which was the bank's security, and accepted the property described in the bill of lading; at the time he wrote the acceptance he had full knowledge of all the matters he now relies upon to defeat the effect of his acceptance. There are no equities in his favor as against the bank, whatever they may be as to Porter Brothers company.

There is a suggestion in the brief to the effect that Morrison had a right to revoke his acceptance. There is no evidence that he ever made any effort to revoke his acceptance. He has attempted to defeat it, but not to revoke it. Both under the statute and the adjudicated cases, an acceptance must be revoked before delivery to the holder. When Morrison endorsed his acceptance on the draft and delivered it to the State Bank, the agents of the holders of the draft, the delivery was complete to the holders, and he could not then revoke his acceptance.

We find no error in the record. The judgment of the district court is affirmed, at costs of plaintiff in error.

Burwell, J., having presided in the court below, not sitting; all of the other Justices concurring.