THE MONTROSE SAVINGS BANK, Appellant, v. PETER J.
CLAUSSEN.

**Negotiable instruments:** GOOD FAITH PURCHASE: EVIDENCE.  All the
1   facts and circumstances surrounding the transfer of a note are
competent on the question of its good faith purchase, and when
they are such as to discredit the holder's claim of purchase in
due course the question of good faith is for the jury.

**Instructions:** TO BE CONSTRUED AS A WHOLE.  The court's instruc-
2   tions must be construed as a whole and if they are not mis-
leading when so considered, and they announce correct proposi-
tions of law, a reversal will not be ordered because a single
paragraph deals with but part of the propositions presented.

**Negotiable instruments:** *Bona fide* PURCHASER.  A bank by merely
3   giving the payee credit for the amount of a note does not be-
come a purchaser for value, but by the assumption of a legal
obligation to another on the strength of the deposit it becomes
a *bona fide* holder.

*Appeal from Buena Vista District Court.*— HON. A. D.
BAILIE, Judge.

Thursday, January 16, 1908.

Suit on a promissory note. Trial to a jury, and verdict and judgment for the defendant. The plaintiff appeals.
— *Reversed.*

*Edson & Moulton,* for appellant.

*F. F. Faville,* for appellee.

Sherwin, J.— This suit is based on an ordinary promissory note made payable to Lewis Haas and transferred to the plaintiff by assignment. The defenses thereto are fourfold. It is alleged that the note was never legally delivered to the payee, and because thereof that his title to the same was defective, and that plaintiff took the note with knowledge of such defect; that the note was without consideration, and that it was transferred to the plaintiff fraudulently and in pursuance of a conspiracy between the payee and the plaintiff. After all of the evidence was in, the appellant moved for a directed verdict. The motion was overruled, and this ruling is now strenuously challenged on the ground that it was shown without conflict that the plaintiff was a holder in due course under the provisions of Code Supp. 1902, section 3060a52.

This contention is based on the fact that the plaintiff's cashier testified in chief that the bank bought the note in due course and for value. Such testimony, however, was not conclusive. On his cross-examination he testified to facts from which the jury may well have found that such was not the case. While it is the rule that bad faith is not proven by evidence of negligence, nor by evidence of circumstances which would put an ordinarily prudent man on inquiry concerning the making of the note (*Lehman v. Press,* 106 Iowa, 389), it is also true that it may be proven by facts

1. Negotiable
   Instruments:
   good faith
   purchase:
   evidence.

and circumstances (*Bank v. Crosley,* 86 Iowa, 633 ; *Haggard
v. Petterson,* 107 Iowa, 417). The facts and circumstances
surrounding the transfer of the note to the plaintiff, as dis-
closed by the cross-examination of its cashier, together with
the evidence touching the payee's title thereto, were sufficient
to take the case to the jury on the question of a good-faith
purchase. Positive testimony that the purchase or transfer
was in due course does not necessarily destroy the force and
effect of facts and circumstances tending to show otherwise.

There was no question as to the defendant's execution
of the note, and the only question the trial court submitted
to the jury was whether Haas' title to said note was defective.

2. INSTRUCTIONS:
to be construed
as a whole. The instructions on this subject are com-
plained of for various reasons, which we shall
now consider. In its seventh instruction the
court directed the jury, in substance, that the plaintiff could
not recover on the note, unless it was found that it was a
*bona fide* holder or good-faith purchaser thereof before due
for a valuable consideration. The instruction is assailed on
the ground that it assumed the establishment of the defense
pleaded, and directed a recovery, regardless thereof, upon a
finding that the plaintiff was not a good-faith holder. Taken
alone, the instruction is undoubtedly erroneous. It is the
rule, however, that the instructions shall be considered as a
whole ; and if, when so considered, they are not misleading,
and announce correct propositions of law, there will not be a
reversal because a single paragraph thereof deals with but
a part of the propositions presented. We think the entire
charge fairly advised the jury that the defense must be es-
tablished in order to defeat recovery on the note, and that
the instruction in question was not misleading. The criti-
cism of instruction eight is answered by instruction fifteen
wherein the jury was told that the burden was upon the
defendant to prove a defective title in Haas. The court
instructed that, even if Haas had a good title to the note,
the plaintiff could not recover unless it was found to be a

purchaser in good faith, and in this we think there was error. The only defense was a defective title in Haas, and, if that failed, it matters not whether the plaintiff was a *bona fide* purchaser or not. Had the note remained in the hands of Haas, and had the suit been brought by him, it is clear that a finding that his title thereto was perfect would have entitled him to a recovery under the issue made by the defendant, and, if this is true, it must follow that the plaintiff occupies the same position.

The evidence showed that the amount of the note was placed to the credit of Haas in the appellant bank, and that soon thereafter, and on the strength of the credit the bank obligated itself to honor a check drawn on Haas for $1,000. Notwithstanding this last transaction, it is claimed by the appellee that appellant paid nothing for the note until after it had notice of its infirmities. The giving of credit alone would create the relation of debtor and creditor between the bank and Haas, and nothing more, and the bank would not thereby become a *bona fide* holder within the meaning of the law. *City Deposit Bank v. Green,* 130 Iowa, 384. But if it was true that the bank had assumed a legal obligation to another on the faith of the deposit or credit, it became thereby a purchaser for value. *Leach v. Hill,* 106 Iowa, 171. The court was therefore in error in failing to so instruct.

3. NEGOTIABLE INSTRUMENTS: *bona fide* purchaser.

For the errors pointed out, the judgment must be, and it is, *reversed.*