NATIONAL BANK OF COMMERCE v. ARMBRUSTER
*et al.*

No. 3591. Opinion Filed March 24, 1914.

Rehearing Denied August 11, 1914.

(142 Pac. 393.)

1.    **BILLS AND NOTES—Innocent Purchaser—Bank.** It is the law that the mere discounting of an undue note for a customer by a bank and crediting the amount to be paid therefor to the customer's account does not of itself clothe the purchasing bank with the character and rights of an innocent purchaser for value; such transaction creates the relation of debtor and creditor.

2.    **SAME—Banking—Defense—Burden of Proof—Instruction.** Where a bank has purchased an undue note and deposited the proceeds thereof to the customer's credit, it becomes an innocent holder for value, as against equities and defenses good only between the original parties, upon paying out the deposit, or where, on the faith thereof, it makes advances, surrenders securities, extends credit, or incurs obligations or liabilities, after such purchase and prior to notice of imperfection in the paper or defenses and equities to be asserted against it.

     (a) An instruction in such a case that limits the right of the purchasing bank to become an innocent holder for value to a payment of the proceeds to the customer prior to the maturity of the note, is erroneous; the limitation is to the time of notice of defects, imperfections, and equities against the note.

     (b) In such case the burden is on the defendant to show that the proceeds of the note placed to the seller's credit in the bank had not been paid out.

(Syllabus by Brewer, C.)

*Error from District Court, Greer County;*
*G. A. Brown, Judge.*

Action by the National Bank of Commerce against F. Armbruster and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Tisinger, Clay & Robinson,* for plaintiff in error.

*Thacker & Thacker,* for defendants in error.

Opinion by BREWER, C. The National Bank of Commerce sued F. Armbruster and several others as defendants, in the district court of Greer county, on one·of a series of three promissory notes given as the purchase price of a stallion and made payable to McLaughlin Bros. The plaintiff alleged in its petition that it was the owner and holder of the note, and acquired it in the due course of business prior to maturity for value. The defendants, after pleading a general denial, alleged for their answer and defense that plaintiff bank was not an innocent purchaser and holder of the note before maturity for value, and that therefore it acquired said note and held the same subject to the defenses and equities existing between the defendants and McLaughlin Bros., to whom the note was given. The defendants then set up fraud and misrepresentation upon the part of McLaughlin Bros. and their agent in the sale of the horse, which they alleged resulted in a failure of consideration. Defendants further set up a breach of certain oral warranties made as to the age, pedigree, and breeding qualities of the horse for which the notes were given, and demanded that the damages flowing from such breach of warranty be set off against the note. To this answer the plaintiff bank filed a general denial for reply. The cause was tried to a jury, and the court submitted to it two general propositions: (1) Whether or not, under the evidence and the law as defined by the court, the plaintiff bank was in fact an innocent purchaser and holder of the note. (2) If not, then whether or not there had been a breach of warranties as alleged, and, if so, the damages occasioned thereby. The jury returned a general verdict for defendants.

The cause comes here for review on numerous assignments of error, some of which, as we view the case, it will be

unnecessary to consider in this opinion. The points most urgently pressed attack the instructions of the court.

Instruction No. 3, which purports to be a statement to the jury of uncontroverted facts, it is claimed is not borne out by the record, and invades the province of the jury. And, second, that the instruction given by the court, No. 4, which undertakes to define, under the facts of the case, under what circumstances the plaintiff would be an innocent purchaser of the note, and under what circumstances it would not be, is erroneous. As to the objections made to instruction No. 3, we think the court, in stating to the jury certain admitted or uncontradicted facts, very fairly stated the same as shown by the evidence of plaintiff's vice president, the only witness on the subject, and that the said instruction, therefore, is not open to the charge of invading the province of the jury.

Instruction No. 4, which is challenged here, is as follows:

"You are instructed, as to the law of this case, that the plaintiff herein is presumed to have purchased the note sued on for a valuable consideration before maturity thereof, and it will be entitled to recover of defendants the amount of said note, principal and interest, according to its terms, and it will be your duty to return a verdict for plaintiff therefor, unless you find for the defendants under the following instructions: 'But you are instructed that the discounting of the note sued on by the Union National Bank of Kansas City, Mo., and the placing of the price or proceeds thereof to the credit of McLaughlin Bros., did not constitute said bank or the plaintiff herein an innocent holder for value before maturity of said note, unless McLaughlin Bros., in the course of their business with the Union National Bank or with the plaintiff bank after the latter's purchase of the note, and before maturity thereof, drew out said deposit. But should you believe from the evidence before you that McLaughlin Bros. did so draw out said deposit before maturity of said note, either from the Union National Bank or the plaintiff bank, then the plaintiff bank should, in law, be deemed an innocent holder for value before maturity of the note sued on, and in that event you should find for the plaintiff the amount of said note, regardless of any failure of consideration of the same, or of any damages resulting to the defendants as claimed by them.' If, however, you do not find for the plaintiff, under the evidence and the foregoing instructions, then you will de-

termine whether or not the defendants have been damaged and are entitled to set off the note sued on under the evidence and the following instructions."

We have given much study to this instruction in the light of the authorities bearing upon the law it enunciates, and after quite an extended research we have come to the conclusion that, notwithstanding its admirable language and the fact that, in most part, it very clearly states the law, yet in one particular it does not, but misstates it, and that this misstatement renders the same fatally defective. As we view it, the defect consists in the statement, twice made in it, that under the circumstances of the case, as shown by the evidence, the plaintiff bank could only be an innocent purchaser of the note if "McLaughlin Bros. did so draw out said deposit before maturity of said note." In this limitation upon plaintiff's becoming an innocent purchaser, the court erred. We have been unable to find any case that directly holds otherwise. Instead of limiting the time of withdrawal of the proceeds of the note to the time of its maturity, the limitation should have been to the time the bank had notice of the imperfections, equities, or defenses to be asserted against it. Outside of this defect we think the remainder of the instruction is supported by the authorities.

It is well-settled law that the mere discounting of a note for a customer and crediting the amount on his account, without paying any of it out or incurring any increased obligation or liability on account of the transaction, does not of itself clothe the party with the character and rights of an innocent purchaser before maturity for value. But it is equally well settled that, where such a purchase has been made and the proceeds credited to the depositor's account, such purchaser becomes an innocent holder, with all the rights of such, upon paying out such deposit, or where, on account of it, he has surrendered securities or made advances or extended credit, or incurred obligations or liabilities on the faith of such deposit. Indeed, this is substantially the holding of our territorial Supreme Court in the case of *Morrison & Co. v. Farmers' & Merchants' Bank,* reported in 9

Okla. 697, 60 Pac. 273, in which case the sixth section of the syllabus reads as follows:

"Where a bank purchases a bill of exchange from the drawer before maturity, and gives the drawer credit on his deposit account in the bank for the face value of the bill, such transaction only creates the relation of debtor and creditor, and does not constitute the bank a purchaser or holder for value; but, if the deposit is drawn or checked out before the bill is accepted, the bank then becomes a purchaser for value."

See Daniel on Negotiable Instruments, vol. 1, pp. 907, 908; 7 Cyc. 929, and cases cited; *Fox v. Bank,* 30 Kan. 441, 1 Pac. 789; *Dreilling v. First Nat. Bank,* 43 Kan. 197, 23 Pac. 94, 19 Am. St. Rep. 126; *Drovers' Nat. Bank v. Blue,* 110 Mich. 31, 67 N. W. 1105, 64 Am. St. Rep. 327, and note; *Montrose Sav. Bank v. Claussen,* 137 Iowa, 73, 114 N. W. 547; *First Nat. Bank v. Persall,* 110 Minn. 333, 125 N. W. 506; *Union Nat. Bank v. Mailloux,* 27 S. D. 543, 132 N. W. 168; *Elgin City Bank Co. v. Hall,* 119 Tenn. 548, 108 S. W. 1068; *Alabama Gro. Co. v. First Nat. Bank,* 158 Ala. 143, 48 South. 340, 132 Am. St. Rep. 18; *City Deposit Bank v. Green* (Iowa) 103 N. W. 96; *Thompson v. Sioux Falls Nat. Bank,* 150 U. S. 231, 14 Sup. Ct. 94, 37 L. Ed. 1063.

All of the foregoing authorities that take occasion to specifically mention the point will be found to state the rule to be that if the proceeds of a sale of a note, the same having been merely placed to the credit of the seller, be paid out by the bank at any time previous to notice of the infirmities of the paper, the purchaser upon such payment within such time becomes an innocent holder for value as against equities and defenses against it. We have found no case, specifically dealing with the point, that limits the time of paying out the proceeds to the date of maturity of the note, as was done in the instruction under consideration, although there may be cases that do so.

In this case the note was executed January 2, 1907, sold and transferred to the bank July 24, 1907, matured December 1, 1909; and the notice of infirmities and defenses was brought home to the bank by filing the answer in this case January 17,

1911, which, as may be observed, was more than a year after the maturity of the note and nearly a year after the filing of the suit on the note. There is good reason for this holding. In a transaction of this kind, the sale and transfer of the note and deposit of the proceeds to the credit of the seller creates, as between the two, the relation of debtor and creditor; but there has been a sale and transfer of the title to the note just the same. But, so long as the purchasing bank has both the note and its proceeds as a deposit of the seller, it has not finally parted with value. We think that if, under such a condition, the bank should learn of the infirmities of the note even prior to its maturity, it would be its duty to withhold the proceeds then in its hands, returning the note to the seller, to the end that its validity, or want of such, could be tried out between the original parties. Likewise, if it had purchased the note prior to its maturity, and the seller had neglected to draw out the proceeds credited to him, that the bank, in the absence of notice of infirmities of the paper, would have the right to pay out such proceeds to the seller, even after maturity of the note, and this, being done in good faith and without notice of defects, would constitute such bank a *bona fide* owner and holder for value with all the rights and protection afforded by the law to such holders.

Complaint is also made that the court failed to instruct the jury that, on the question of whether or not the proceeds of the note had been paid out, the burden of proof was on the defendants. This question is raised on a requested instruction presented to the court after the arguments had been made, and which opposing counsel claim came too late; but, be that as it may, the point should be settled in view of the new trial, which results from our holding here.

It seems to be the law, although there is conflict in the cases, that plaintiff's contention is sound, and that on the question, when it arises in a suit, of whether the deposit has been checked out, the burden is on defendants to show the fact by a preponderance of the testimony. The case of *Morrison & Co. v. Farmers' & Merchants' Bank, supra,* on the point says:

662 SUPREME COURT OF OKLAHOMA.

"In order to establish the fact that a bank which is the payee and holder of a bill of exchange is not a purchaser for value, it is [not sufficient to show that, when the bank took the bill, it simply gave the drawer credit on his deposit account for the face of the bill, but it must be further shown that the amount of the deposit at that time had not been paid by the bank prior to acceptance of the bill."

We do not think it necessary to discuss the other branch of this case, for upon a retrial, if the case gets to where the defenses, as between the original parties, can be asserted as against the plaintiff, the present record of the former trial convinces us that the attorneys who tried it have a very thorough and adequate knowledge of the law involved, and are well able to avoid errors therein.

For the reasons given, the cause must be reversed and remanded for a new trial.

By the Court: It is so ordered.