## SOUTHWESTERN NAT. BANK v. ARMBRUSTER et al.

No. 4823—Opinion Filed May 2, 1916.
Rehearing Denied June 13, 1916.
(157 Pac. 1146.)

**Banks and Banking—Functions and Dealings—Deposits—Application to Debt— "Holder in Due Course."**

When a bank purchases a note and pays the full consideration therefor at the time without notice of defenses claimed by the maker, it becomes a holder in due course of

said note, and the fact that the payee of said note subsequently deposited with the bank money derived from other sources, so that at the time the bank acquired knowledge of defenses to said note the payee had money on deposit with it, did not justify nor authorize the bank to appropriate the same to the payment of said note.

(Syllabus by Hooker, C.)

Error from District Court, Greer County; G. A. Brown, Judge.

Action by the Southwestern National Bank against F. Armbruster and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded for new trial.

Tisinger & Clay, for plaintiff in error.

Thacker & Thacker and H. D. Henry, for defendants in error.

Opinion by HOOKER, C. On the 2d day of January, 1907, the defendant in error executed and delivered to McLaughlin Bros. their certain promissory note for the sum of $1,200, due and payable December 1, 1910, with interest at 6 per cent. from date until paid. On February 1, 1909, McLaughlin Bros. sold and assigned said note to the plaintiff in error, Southwestern National Bank, for a valuable consideration that day paid. The bank forwarded the note at its maturity to a bank at Mangum, Okla., for collection, but the same was not paid, and in a few days thereafter was returned by the Mangum bank to the plaintiff in error. In January, 1911, the plaintiff in error ordered suit brought upon said note against the defendants in error, which was subsequently done through its attorneys, and on August 5, 1911, an answer was filed in said action, which sought to plead a defense to said note, and which established intervening equities between the defendants in error and the payee of said note, McLaughlin Bros.

The evidence discloses that on January 3, 1911, McLaughlin Bros. had to their credit upon the books of the bank, the plaintiff in error, the sum of $189.27, and that subsequently thereto McLaughlin Bros. deposited at various times in the year 1911 sums of money against which they drew checks, and ᴐ August, 1911, the day upon which the answer in this action was filed, the said McLaughlin Bros. had to their credit in said bank $948.92. The evidence further shows that the plaintiff in error bought this note about February 1, 1909, at which time it purchased of McLaughlin Bros. a large number of notes, and that it gave McLaughlin Bros., as a consideration therefor, its cashier's check, which was never deposited in the plaintiff's bank, but was collected through another bank.

Upon the trial of this case in the court below it was virtually agreed between the parties that the first notice had by the plaintiff in error of any intervening equities or defense to the note sued upon in this action was on August 5, 1911, when the answer was filed in this action. The lower trial court adopted the view that if McLaughlin Bros. had to their credit upon the books of plaintiff's bank on August 5, 1911, a sum of money, that it was the duty of the bank to apply the same in payment of this note, and he specifically called the attention of the jury to the fact that the evidence disclosed that the bank on that date had on deposit to McLaughlin Bros.' credit the sum of $948.92, and directed that this sum should be deducted from the amount of plaintiff's judgment, upon the theory that it was the bank's duty to have appropriated this sum of money on August 5, 1911, which was to the credit of McLaughlin Bros., in its possession as pro tanto payment of said note. With this position of the trial court we cannot agree. The undisputed evidence here is that no part of the money paid by the plaintiff bank to McLaughlin Bros., as a consideration for the note sued upon, was ever deposited by McLaughlin Bros. with the plaintiff bank, but upon the contrary said money was paid out to another upon the order of McLaughlin Bros., by plaintiff bank in this case. We understand the rule as expressed by this court in the case of National Bank of Commerce v. Armbruster, 42 Okla. 656. 142 Pac. 393. as follows:

"1. It is the law that the mere discounting of an undue note for a customer by a bank and crediting the amount to be paid therefor to the customer's account does not of itself clothe the purchasing bank with the character and rights of an innocent purchaser for value: such transaction creates the relation of debtor and creditor.

"2. Where a bank has purchased an undue note and deposited the proceeds thereof to the customer's credit, it becomes an innocent holder for value, as against equities and defenses good only between the original parties, upon paying out the deposit, or where, on the faith thereof, it makes advances, surrenders securities, extends credit, or incurs obligations or liabilities, after such purchase and prior to notice of imperfection in the paper or defenses and equities to be asserted against it.

"(a) An instruction in such a case that limits the right of the purchasing bank to become an innocent holder for value to a payment of the proceeds to the customer prior to the maturity of the note, is erroneous; the limitation is to the time of notice of defects, imperfections, and equities against the note.

"(b) In such case the burden is on the defendant to show that the proceeds of the

note placed to the seller's credit in the bank had not been paid out."

Likewise the Territorial Court, in 9 Okla. 697, 60 Pac. 273, in the syllabus to the case of Morrison & Co. v. Farmers' & Merchants' Bank, said:

"5. Defenses available between the acceptor and drawer of a bill of exchange, are not available in an action by the payee against the acceptor, if the payee is a bona fide holder for value, and the burden of overcoming the presumption that the payee is not a bona fide holder for value is on the acceptor, who seeks to set up such defenses against the payee.

"6. Where a bank purchases a bill of exchange from the drawer before maturity, and gives the drawer credit on his deposit account in the bank for the face value of the bill, such transaction only creates the relation of debtor and creditor, and does not constitute the bank a purchaser or holder for value; but if the deposit is drawn or checked out before the bill is accepted, the bank then becomes a purchaser for value.

"7. In order to establish the fact that a bank which is the payee and holder of a bill of exchange is not a purchaser for value, it is not sufficient to show that when the bank took the bill it simply gave the drawer credit on his deposit account for the face of the bill, but it must be further shown that the amount of the deposit at that time had not been paid by the bank prior to acceptance of the bill."

See, also, Bank of Racine v. Newell, 71 Wis. 309, 37 N. W. 420; Mann v. Bank of Springfield, 30 Kan. 412, 1 Pac. 579; Fox v. Bank of Kansas City, 30 Kan. 441, 1 Pac. 789; Dreilling v. First National Bank, 43 Kan. 197, 23 Pac. 94, 19 Am. St. Rep. 126, and authorities cited in 42 Okla. 660, 142 Pac. 393.

From a consideration of the authorities above quoted we are of opinion that when the plaintiff bank paid McLaughlin Bros. full consideration for the note sued upon in this case at the time it purchased the same without any notice of defenses claimed by defendants in error, the bank became a holder in due course of said note, and that the fact that McLaughlin Bros. subsequently deposited with the bank money derived from other sources, so that at the time for the filing of the answer in this action in the court below, at which time the plaintiff in error acquired knowledge of all defenses to said note, McLaughlin Bros. had on deposit in the plaintiff's bank a large sum of money, that fact did not justify or authorize the bank to appropriate the same to the payment of this note, nor did it destroy the rights of the bank as an innocent purchaser.

This cause is reversed and remanded for trial consistent with this opinion.

By the Court: It is so ordered.