No. 21,992.

THE FARMERS AND MERCHANTS STATE BANK, *Appellee*, v. ALICE QUASEBARTH, *Appellant*.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*When a Bank Becomes a Bona Fide Holder for Value.* The purchase of a note by a bank and the deposit of the proceeds therein makes the bank a debtor of the depositor, but not a purchaser for value, but if the amount of the deposit is drawn out before maturity and before the bank acquires knowledge of the infirmities in the paper, it becomes entitled to the protection accorded a *bona fide* purchaser for value.

2. SAME. The fact that such depositor subsequently makes other deposits in the bank after the proceeds of the discounted note have been checked out, does not take from the bank its status as *bona fide* holder for value.

3. SAME. A bank purchased a note from a depositor and gave him credit in the bank for the proceeds. Including the proceeds of the note the depositor had then a credit of $1,550. Shortly afterwards, and before maturity of the note or knowledge by the bank of any infirmities in it, the depositor checked out of the bank the sum of $1,811.62. *Held*, that the bank then became a purchaser for value.

Appeal from Edwards district court; ALBERT S. FOULKS, judge. Opinion filed March 8, 1919. Affirmed.

*F. Dumont Smith,* of Hutchinson, and *M. A. Merten,* of Hoisington, for the appellant.

*W. E. Broadie,* of Kinsley, *Robert Stone, George T. McDermott,* and *H. O. Caster,* all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The action was brought by the Farmers and Merchants Bank to recover on a negotiable promissory note for $625, executed by the defendant, Alice Quasebarth, in favor of the Kansas Life Insurance Company, maturing October 1, 1916, and which was transferred to the plaintiff. The defendant claimed that the note was obtained by fraudulent representations of the insurance company, and that the plaintiff had knowledge of the fraud when it purchased the note. The issues were determined in favor of the plaintiff, and defendant appeals.

The note in suit was executed on February 19, 1916, and was transferred to the plaintiff without recourse, on the same day, more than seven months before it became due. It appears that the insurance company had opened an account with the bank on February 15, 1916, a few days before the purchase of the note, and when the note was received the purchase price was entered by the bank to the credit of the company. At the time of the purchase the insurance company had a balance in the bank to the amount of $1,550, and it seems that before March 25, 1916, more than the amount of that deposit had been checked out by the insurance company.

The bank had no notice of any false representations or of any defenses to the note when it was purchased, nor until after its maturity the following October. Some days after it matured the defendant notified the bank that she had a defense and desired the bank to take the amount of the note out of the deposits of the insurance company then in the bank. The court rightly decided that the bank, having purchased the note without notice of any infirmities or knowledge of any defenses to it prior to its maturity, and having paid for it in February, 1916, should be regarded as a purchaser for value. It is con-

ceded by the defendant that if the plaintiff had actually paid for the note when it was purchased, it would have been entitled to be regarded as an innocent purchaser, but it is insisted that as it only credited the insurance company with the proceeds of the note it became a mere debtor of the insurance company, and that as there were funds of the insurance company in its hands belonging to the company, on and after October 1, 1916, and after it had learned of the fraud, it cannot be regarded as an innocent purchaser.

It is true, as contended, that the entry of credit made when the note was purchased only made the bank a debtor to the insurance company, and the deposit of the proceeds of the note only increased the indebtedness of the bank to the insurance compay to the extent of the credit entered. This credit did not amount to a payment of the note, nor make the bank a purchaser for value. However, when the amount credited to the company was checked out and the credit thus given became exhausted the note was paid for, and from that time the bank, if it had no previous notice of the infirmities of the paper or defenses to it, became a purchaser for value entitled to the protection accorded an innocent holder. (*Fox v. Bank of Kansas City*, 30 Kan. 441, 1 Pac. 789; *Dreilling v. National Bank*, 43 Kan. 197, 23 Pac. 94.)

When the note was purchased and added to the checking account which had been opened by the company with the bank a few days before, the balance was $1,550. On March 25, the company had checked out $1,811.62, which was considerable more than the amount on deposit when the purchase was made. Under the rule of the cited cases, the avails of the purchased note having been drawn out, the indebtedness of the bank to the insurance company arising from the purchase of the note had been discharged. At that time, as we have seen, the bank had no knowledge of the defense to the note, nor for more than seven months afterward, and therefore it must be regarded as a *bona fide* purchaser for value. The fact that the insurance company subsequently added other deposits to its checking account, and that sometimes there was a balance in favor of the company (as there appears to have been about the time the note became due), does not affect the attitude of the bank as a *bona fide* holder, nor deprive it of the right and the protec-

tion acquired when payment of the deposit was made through the checking out of the deposit on March 25, 1916. (*Fox v. Bank of Kansas City,* supra.)

In *Fredonia Nat. Bank v. Tonnei,* 131 Mich. 674, it was said:

"A bank which discounts a promissory note, crediting the proceeds to the indorser's account, which becomes exhausted before the maturity of the note, is a purchaser for value, notwithstanding the indorser subsequently has deposits equal to the amount of the note." (syl. ¶ 2.)

(See, also, *Mann v. National Bank,* 34 Kan. 746, 10 Pac. 150; *Northfield National Bank v. Arndt,* 132 Wis. 383; 3 R. C. L., p. 1056.)

We see no reason to depart from the rule of the Fox and Dreilling cases, and applying it to the facts of this case it must be held that the plaintiff became entitled to the status of a purchaser for value, not when the note against defendant matured, but when the bank's debt to the purchaser had been paid by checking out the fund arising from the entry of the credit. This was done so long before any knowledge of defense to the note came to the bank that there is no good reason for dispute as to when the bank became a purchaser. When the $1,550 balance was checked out, on February 25, the bank became purchaser for value as completely as it would have done had it paid the money across the counter when the note was purchased.

Judgment affirmed.