## GUARANTY BANK OF OKLAHOMA CITY v. STATE BANK OF STRATFORD et al.

No. 12558—Opinion Filed Feb. 17, 1925.

**1. Bills and Notes—Holder in Due Course —How Defeated.**

The rights of a holder for value before maturity, of a negotiable certificate of deposit may be defeated only by evidence of actual knowledge of infirmity or defect in the title of a prior holder, or knowledge of facts amounting to bad faith in taking same.

**2. Same—Fraud Between Previous Assignors.**

That the transaction by which the last assignor acquired such instrument, was prohibited by Act of Congress and void also for fraud as to the previous assignor, cannot defeat the rights of such holder in due course.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by Guaranty Bank of Oklahoma City against State Bank of Stratford et al. Judgment for plaintiff against McTon Oil Company, and for other defendants. Plaintiff appeals. · Reversed, with directions.

Everest, Vaught & Brewer, for plaintiff in error.

C. F. Green, for defendant in error Arnold.

Opinion by ESTES, C. The stipulated and uncontroverted facts are: That for a cash deposit of $1,000, made by defendant Arnold with his codefendant, State Bank of Stratford, on January 26, 1918, that bank issued and delivered to him its negotiable certificate of deposit, in due form for said sum, payable 11 months after date with interest until maturity at four per cent., and no interest thereafter; that said Arnold held said certificate until May 10, 1918, at which time he indorsed with recourse and duly delivered same to McTon Oil Company in exchange for shares of its capital stock; that said stock was delivered to Arnold on May 21, 1918, and that said com-

pany did not have permission of the Capital Issues Committee to sell and issue its capital stock as required by Act of Congress, creating the War Finance Committee, said issue being in excess of the amount allowed without such permission; that on May 11, 1918, said oil company indorsed with recourse and delivered said certificate to plaintiff Guaranty Bank, where said company kept a running account, and received then a deposit credit therefor, less $50 discount and accrued interest; that on October 10, 1918, said company closed its account with plaintiff bank, checking out all its funds to its credit; that plaintiff held said certificate until its due date, December 26, 1918, at which time it presented same for payment through its correspondent bank, but payment was refused. Thereupon, plaintiff filed this action, based on said certificate, against said Bank of Stratford, the maker, and G. C. Arnold and Mc-Ton Oil Company, indorsers thereof. Defendant Arnold alleged fraud of the McTon in procuring the certificate and the worthless character of the stock he received therefor, and the invalidity thereof because of the violation of the federal statute; that plaintiff was not a bona fide purchaser of said certificate, for value, without notice of the infirmities of the title of the McTon thereto, but had full notice and knowledge thereof, or by reasonable diligence could have known same; that plaintiff knew or could have thus known such infirmities prior to the withdrawal of the funds of the Mc-Ton from plaintiff bank; that if the court found plaintiff to be a holder of said certificate for value in due course and entitled to a right therein superior to his, that he have judgment over against the McTon therefor. The other defendants adopted Arnold's answer. Judgment—the jury waived—was for plaintiff against the McTon for the amount of said certificate, and in favor of defendants, State Bank of Stratford and Arnold, against plaintiff for costs, from which plaintiff appeals.

1. Plaintiff assigns, in substance, that said judgment was contrary to the law and evidence. The evidence shows and is practically conceded that the title of the McTon to said certificate was defective under Negotiable Instruments Law, because of the fraud of that company upon Arnold and its illegal stock consideration paid him therefor. Under the foregoing facts, plaintiff was a holder in due course unless it took said certificate in bad faith or had notice of said infirmities or defect in the title of the McTon. Section 7727, Comp. Stat. 1921. is:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

Unless plaintiff had such actual knowledge or knowledge of such facts as amounted to bad faith in taking the certificate, it was a holder in due course and entitled to enforce payment for the full amount thereof against the maker, State Bank of Stratford, and the McTon and Arnold, indorsers, under another statute and under well-known decisions of this court. The uncontradicted and all the evidence in this behalf in addition to the above is: That Mr. Everest, president of and acting for plaintiff bank, purchased said certificate as stated above; was not acquainted with Mr. Arnold, but acquainted with the officers of the McTon and knew and relied upon defendant bank; did not know what the McTon paid Arnold for said certificate and did not inquire; supposed that the company had been selling stock, but did not know; did not inquire whether the company had permission from the Capital Issues Committee to sell the stock; knew the company was engaged in developing leases, but considered it a weak company; knew the chairman of the Capital Issues Committee residing at Oklahoma City, and made no inquiry of him whether the company had permission to sell stock. Under the numerous decisions of this court, including Fleming v. Drew et al., 88 Okla. 160, 212 Pac. 306, defendants could not establish that plaintiff was not an innocent purchaser by suspicion of defect of title or by knowledge of plaintiff bank of circumstances which would excite suspicion in the mind of a prudent man, or by circumstances sufficient to put it upon inquiry, but that result could be produced only by proof of bad faith on the part of plaintiff in taking said certificate. When measured by this rule, said evidence, in this behalf, wholly fails to support the judgment rendered herein.

E converso, defendants contend, under National Bank of Commerce v. Armbruster et al., 42 Okla. 656, 142 Pac. 393, that plaintiff did not sustain the burden of proof that it had paid the entire consideration for the certificate to the McTon before it acquired knowledge of such infirmities. Said evidence shows that plaintiff had no such knowledge at any time prior to the due date of said certificate. Defendants also contend that said certificate having been given for oil stock issued and sold in viola-

tion of said Act of Congress, the transaction was void, and plaintiff could claim no rights thereunder. In its inception, the certificate was given by defendant bank to defendant Arnold for a cash deposit. As between Arnold and the McTon, the rule invoked is applicable. The rule contended for can have no application to plaintiff. This certificate was valid and regular in its inception in the hands of Mr. Arnold, although he was deprived of same by the fraud of the McTon. Cases like Neil v. Utah Wholesale Grocery Co. (Utah) 210 Pac. 201, dealing with contracts inhibited by a federal statute, are applicable in cases between original parties, but not to this plaintiff.

Let the judgment be reversed and the cause remanded with directions to enter judgment in favor of plaintiff, the Guaranty Bank, against State Bank of Stratford, the McTon Oil Company, and G. C. Arnold for the amount of the certificate of deposit with interest, with judgment in favor of G. C. Arnold over against the McTon Oil Company for the same amount.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. 500. (2) 8 C. J. p. 766 (sec. 1032), p. 787 (sec. 1047).