FRED A. WITT, Appellant, v. STATE OF IOWA, IOWA STATE HIGHWAY COMMISSION, Appellees.

No. 43733.

APRIL 6, 1937.

Korf & Korf, and Boardman & Cartwright, for appellant.

F. E. Northup and L. E. Liffring, for appellees.

MITCHELL, J.—Fred A. Witt was the owner of a certain farm, across which the State Highway Commission desired to run primary highway No. 88. Condemnation proceedings were commenced and a commission was appointed to appraise the land. The amount of damages fixed by the condemnation commission was $3,122. Witt was dissatisfied with this amount and appealed to the district court, where the cause was submitted to a jury, which returned a verdict in the amount of $2,310. Witt again being dissatisfied, has appealed to this court.

The sole and only question raised by the appellant is that the court erred in giving certain instructions.

It is claimed that the court erred in giving instruction No. 7, which is as follows:

"You are instructed that 'just compensation' means the payment of such sum of money as will make the person whose property has been taken whole; so that on receipt of the compensation awarded he will not be poorer or worse off, nor better off, by reason of his property being taken or damaged."

Appellant contends that the effect of this instruction was to tell the jury that their award should leave the landowner no better off than he was before the taking; that the jury might suppose the court was using the term "better off" in an absolute sense and they might be misled into thinking they should deduct benefits in making their award; and that this was contrary to and inconsistent with instructions 4, 5 and 6, wherein the jury was explicitly told to disregard benefits.

Instruction No. 6 is as follows:

"You are instructed that in this case you, as a jury, are to determine the amount of money that will constitute just compensation to Fred A. Witt on account of the damages sustained by him by reason of the condemnation and taking of 4.22 acres of his land for the establishment and construction of the highway,

without regard to any advantages or benefits that may have resulted, or may result in future, to him on account of the establishment and building of said highway, if there are any advantages or benefits, either present or future.''

Instructions Nos. 4 and 5 also specifically provided that in determining the amount of ''just compensation'' they should not consider benefits.

Thus we find that when the jury considered these instructions as a whole they were explicitly and specifically instructed, in determining ''just compensation'', that benefits were not to be considered. This court has time and again laid down the rule that instructions must be read as a whole. It will not do to pick out a paragraph or a word here and there and say that that is inconsistent with some other instructions and therefore the jury was misled.

In the case of Montrose Savings Bank v. Claussen, 137 Iowa 73, at page 75, 114 N. W. 547, 548, this court said:

''Taken alone, the instruction is undoubtedly erroneous. It is the rule, however, that the instructions shall be considered as a whole; and if, when so considered, they are not misleading, and announce correct propositions of law, there will not be a reversal because a single paragraph thereof deals with but a part of the proposition presented. We think the entire charge fairly advised the jury that the defense must be established in order to defeat recovery on the note, and that the instruction in question was not misleading.''

In Brennan & Cohen v. Nolan Laundry Co., 209 Iowa 922, at page 926, 229 N. W. 321, 322, we find:

''The appellant complains of a claimed omission of the element of reasonable time in one of the instructions. Said instruction is followed by other instructions clearly covering this proposition. Instructions are to be read and considered as a connected whole. It is apparent that the jury could not have misunderstood the same or been misled thereby. There is no prejudicial error at this point.''

In the case of Foy v. Metropolitan Life Insurance Company of New York, 220 Iowa 628, at page 637, 263 N. W. 14, 18, after discussing various instructions, this court said:

"The instructions must be read and considered as a whole, and when so read and considered, appellant's complaint as to paragraph No. 6 thereof fails to impress us that there was error in giving said paragraph."

Considering the instructions as a whole, in the case at bar, it is apparent that the jury could not have been misled, and therefore there was no prejudicial error.

The appellant complains also of other instructions given. We have given careful consideration to them and find no error.

This case differs greatly from most of the condemnation cases which are brought to this court. Here the landowner was allowed by the condemnation commissioners the sum of $3,122. He was not satisfied with that amount and appealed to the district court. After trial, at which evidence was offered, the jury returned a verdict of $2,310, or, in other words, reduced the amount granted by the condemnation commissioners slightly more than $800. Not only was evidence offered but the jury at that trial was permitted to inspect the premises. The appellant had a fair trial. The jury was properly instructed, and we find no reason for disturbing its verdict.

It therefore follows that the case must be, and it is hereby, affirmed.—Affirmed.

RICHARDS, C. J., and all Justices concur.